UNITED STATES of America,
Appellee,

v.

Olander TUCK, Appellant.

No. 470, Docket 31155.

United States Court of Appeals
Second Circuit.

Argued May 17, 1967.

Decided July 27, 1967.

Coursey of the Federal Bureau of Narcotics, who testified that on July 10, 1963 at approximately 5:30 p. m. he and an informant, Abe Montgomery, went to 146th Street and Lenox Avenue. A taxi cab pulled up to them and the appellant, who was in the taxi, motioned to them to join him in the cab. They entered the cab and appellant asked Agent Coursey whether he was the man who wanted to buy some heroin, stating that he had an ounce which would cost $500. After discussion as to the quality of the heroin, in which appellant stated it would take a two-to-one cut, Agent Coursey agreed to buy the heroin and received a white envelope containing bags of white powder in exchange for $500 in official government advance funds. The white powder was field-tested by Agent Coursey and analyzed by the United States Chemist who testified at the trial that the white powder was adulterated heroin hydrochloride having a purity of 1.5%.

Appellant took the stand and in effect conceded that he had made the delivery to Agent Coursey and received $500. However, he denied that he knew that the contents of the envelope were heroin hydrochloride, stating that he thought that the substance was a concoction of sugar and quinine prepared by the informant Montgomery pursuant to their prearranged plan to "burn" Agent Coursey, the street vernacular for defrauding a person into believing he is getting narcotics when he is actually getting sugar or some other substitute.

Arthur C. Silverman, New York City, for appellant.

Pierre N. Leval, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, John E. Sprizzo, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, MOORE, Circuit Judge, and BONSAL, District Judge.*

BONSAL, District Judge:

A single count indictment filed in the Southern District of New York on June 12, 1964 charged the appellant with the unlawful sale of approximately 20.310 grams of heroin hydrochloride on July 10, 1963 in violation of Title 21 U.S.C. §§ 173 and 174. Following a two-day trial, the jury found the appellant guilty on July 15, 1964, and on July 29 Judge Palmieri sentenced the appellant to the mandatory minimum term of 5 years in prison.

The Government's case was based primarily on the testimony of Agent

In finding appellant guilty it is obvious that the jury believed Agent Coursey and disbelieved the appellant. The jury having passed on the issue of the credibility of the witnesses, the evidence adduced by the Government at the trial was sufficient for conviction.

The appellant makes essentially three contentions on this appeal: (1) that the Government did not accord reasonable cooperation in locating and securing the appearance at trial of the Government's informant, Montgomery; (2) that the

* Of the Southern District of New York, sitting by designation.

trial judge committed reversible error in denying appellant's motion for a continuance or for a mistrial; and (3) that the trial judge violated appellant's constitutional rights at a post-trial examination of the informant by denying defense counsel's request that the appellant be present and by preventing defense counsel from fully cross-examining the informant.

Although the Government is not the guarantor of the appearance at trial of an informant, United States v. Edwards, 366 F.2d 853 (2d Cir. 1966), cert. denied sub nom., Jakob v. United States, 386 U.S. 908, 87 S.Ct. 852, 17 L.Ed.2d 782 (1967), the Government is required to accord reasonable cooperation in securing the informant's appearance where there is a timely request for his production and where the informant's testimony might substantiate a claim of the defense. United States v. Russ, 362 F.2d 843 (2d Cir. 1966), cert. denied, 385 U.S. 923, 87 S.Ct. 236, 17 L.Ed.2d 146 (1966); United States v. D'Angiolillo, 340 F.2d 453 (2d Cir. 1965), cert. denied, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972 (1965). It is not clear from the record when the request for the production of the informant was made by defense counsel, but it appears to have been made at the end of the first day of trial. The facts bearing on the Government's efforts to comply with the request may be summarized as follows:

On July 1, 1964, when the case was still on the criminal trial calendar, Agent Wilkocki of the Federal Bureau of Narcotics was furnished with a subpoena addressed to the informant by Mr. Dodds, an Assistant United States Attorney. On July 1 and 2, Wilkocki unsuccessfully sought to find the informant at various places in Harlem which the informant frequented and, after a couple of days, reported the results of his search to Dodds. On Wednesday, July 8, Dodds told Wilkocki to return the subpoena and this was done on Thursday morning, July 9. On the same day, after the subpoena had been returned, the informant appeared in Wilkocki's office. Wilkocki

knew that the informant might be called to testify at the trial, but did not know when the case would be reached for trial.

On Friday, July 10, the Tuck case was advanced from the July 13 calendar and assigned for trial to Judge Palmieri. On the same day Wilkocki was apprised of this fact and on Monday, July 13 he resumed his search for the informant. On Monday afternoon and on Wednesday morning, July 15, the final day of Tuck's trial, Wilkocki went to the informant's apartment, but did not find him there. At approximately 10:35 a. m. on Wednesday morning Wilkocki reported his lack of success to Judge Palmieri and told the Judge that the informant might be in hiding because at one time he had been beaten up and there had been several recent arrests of persons on whom he had informed.

On these uncontradicted facts, Judge Palmieri was satisfied that the Government had accorded reasonable cooperation in securing the appearance of the informant. We agree and, indeed, find it difficult to see how any other conclusion could have been reached.

Appellant's contention that Judge Palmieri committed reversible error by denying his motion for a mistrial or for a continuance until the informant could be produced is devoid of merit because no such motion was made despite the Judge's statement that "unless there is some motion by Mr. Koplowitz to take other action I intend to proceed with this case without the informer." Just before resting, defense counsel stated to the Court:

"My defendant feels that the Sixth Amendment requires that he be confronted by his accusers and according to him this means Montgomery now. To satisfy him I feel he ought to be able to make some kind of a statement for the record. He feels in the absence of Montgomery the trial should not continue and your Honor should direct a judgment of acquittal.

I told him that the law does not require that the government produce the

**860**

informant or special employee but merely make reasonable efforts.

\* \* \* \* \* \*

"And I have told him that I have preserved all his rights by at this time moving for a judgment of acquittal on the ground that although the government is in control of the informant Abraham Montgomery, they have not come forward and produced him."

This statement was not a motion for a continuance or a mistrial. It was a motion for acquittal which Judge Palmieri, as defense counsel recognized, quite properly denied.

■ Although the Government accorded reasonable cooperation in attempting to produce the informant and appellant failed to move for a continuance until he could be produced, Judge Palmieri indicated during the trial that "as a matter of conscience" when the informant was located he wanted to question him to ascertain if the informant's testimony would have supported the appellant's defense. The informant was located a few days after the conclusion of the trial, and on July 22, 1964 in the presence of defense counsel and counsel for the Government, Judge Palmieri interrogated him under oath. He concluded that the informant's testimony would not have assisted appellant. See, United States v. Soblen, 301 F.2d 236, 242 (2d Cir. 1962), cert. denied, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962).

Judge Palmieri did not violate appellant's right to due process by denying defense counsel's request that appellant be present at the examination of the informant and by limiting the scope of defense counsel's cross-examination of the informant to questions designed to elicit "admissions on which to base a new trial." Judge Palmieri made it clear at the trial and at the examination that he did not intend to conduct a hearing, but only intended to satisfy his conscience that the informant would not have supported the appellant's story. As Judge Palmieri stated at the examination, "The trial of Tuck is finished and

that trial will either stand or fall on the rulings that were made on the trial." The Judge did not intend to reopen the trial or to conduct a hearing without a jury.

■ Nor was the appellant entitled to a post-trial hearing. No motion for a new trial had been made pursuant to Rule 33 of the Federal Rules of Criminal Procedure and no affidavits or other papers requesting a hearing had been submitted. See, United States v. Costello, 255 F.2d 876 (2d Cir. 1958), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958). Rather than depriving appellant of his constitutional rights, Judge Palmieri exceeded constitutional requirements in his commendable effort to make certain that justice had been done.

We have examined the excised portions of the "3500" material (18 U.S.C. § 3500(c)) and we agree with the District Court that they did not relate to the testimony of the witnesses at trial.

The judgment of conviction is affirmed.