UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth A. MAKEKAU and Yoichi Takahashi, Defendants-Appellants.

No. 24358.

United States Court of Appeals,
Ninth Circuit.

July 22, 1970.
Certiorari Denied Nov. 9, 1970.
See 91 S.Ct. 143.

Stuart M. Cowan (argued), Richard A. Williams, of Greenstein & Cowan, Honolulu, Hawaii, for appellants.

Joseph M. Gedan (argued), Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for appellee.

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Defendant Makekau was convicted of selling heroin in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). Defendant Takahashi was convicted of violating section 4704(a). We affirm both convictions.

Defendants contend that they were denied effective assistance of coun-

sel by a pretrial order limiting their counsel's access to the government informer who made the purchases in the transactions for which they were indicted. The order instructed the government to disclose the informer's identity to the defendants but forbade both defendants and their counsel from "directly or indirectly contact[ing] or attempt[ing] to contact [the informer] without prior authorization in writing of this Court."

Federal Rule of Criminal Procedure 16(e) authorizes district courts to issue protective orders limiting discovery "[u]pon a sufficient showing." In this instance the order was amply justified by the prosecuting attorney's representations that threats had been made against the lives of the informer and his family and that his wife had been murdered after receiving such threats. In the ordinary case, the informer may be afforded sufficient protection by an order limiting disclosure of his whereabouts to defense counsel. United States v. D'Angiolillo, 340 F.2d 453, 455 n.3 (2d Cir. 1965). Here, however, the demonstrated risk of death justified the further requirement that counsel obtain prior court authorization so that steps might be taken to assure that the informant's location would not be disclosed to others inadvertently.

■ Defendants urge that the district court erred in denying their motions to dismiss and to suppress the testimony of the government's principal witness when the government failed to comply with a court order to produce the informant-purchaser just prior to the date set for trial. The district court held an evidentiary hearing on these motions and wrote an extensive opinion. The court recognized that "in common fairness it is the government's duty to produce an informer at trial or failing that, to show that reasonable efforts to produce him were fruitless * * *," but concluded that "[u]nder the facts of this case, * * * neither the defendants nor the government [was] to be faulted for the disappearance and apparent non-availability of [the informer]." The standard which the court applied was proper (see United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969); Velarde-Villarreal v. United States, 354 F.2d 9, 12 (9th Cir. 1965); United States v. Guerra, 334 F.2d 138, 142 (2d Cir. 1964); cf. Cerda v. United States, 391 F.2d 219 (9th Cir. 1968)), and the court's factual finding is amply supported by the record.

■ Defendants complain because the court refused the following instruction relating to the non-appearance of the informer:

"You are instructed that the rule in criminal cases is that if a party has it peculiarly within his power to produce a witness whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony if produced would be unfavorable."

Since the district court found on sufficient evidence that the witness was unavailable to the government, the instruction was properly rejected as not applicable to the facts of this case. See, e. g., World Wide Automatic Archery, Inc. v. United States, 356 F.2d 834, 837 (9th Cir. 1966); 2 Wigmore, Evidence § 286 (3d ed. 1940).

Defendants' remaining contentions do not warrant discussion.

Affirmed.