**UNITED STATES of America, Plaintiff-Appellee**

v.

**Larry HAYES, Defendant-Appellant. UNITED STATES of America, Plaintiff-Appellee**

v.

**William A. HESS, Defendant-Appellant.**

**Nos. 438-70, 568-70.**

United States Court of Appeals, Tenth Circuit.

April 27, 1971.

Rehearing Denied June 10, 1971.

Robert L. Pitler, Denver, Colo., for Larry Hayes.

Joseph Saint-Veltri, Denver, Colo., for William A. Hess.

James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., for plaintiff-appellee.

Before LEWIS, Chief Judge, ADAMS*, Circuit Judge, and BROWN, District Judge.

ADAMS, Circuit Judge.

Defendants Hess and Hayes were convicted on April 14, 1970 by a jury in the United States District Court for the District of Colorado of violating 21 U.S.C. § 331(q) (2) by their possession and sale of lysergic acid diethylamide (LSD).

The government's chief witness, David M. Taketa, a narcotics investigator

* Of the Third Circuit, sitting by designation.

for the Adams County, Colorado Sheriffs' Office testified that he was introduced in Boulder, Colorado to defendants by one John Ellerton on July 17, 1969, as "his money man for narcotics * * *" Taketa paid the defendants $254 in exchange for 196 tablets containing LSD.

Each defendant testified in his own behalf and raised the defense of entrapment. Hayes testified that he had known Ellerton for two or three months before the transactions here, and that he saw him at least twice each week. During this period, Hayes claimed that Ellerton often asked to purchase drugs from him for resale, saying variously that his (Ellerton's) wife was pregnant and that he had no money to pay the bills, and that he was losing his car, or that he owed money to people who would harm him if he did not pay. Each time Ellerton asked, Hayes testified that he refused to sell any drugs to him. On the afternoon of July 17th, Ellerton asked Hayes to see Taketa that night to discuss a drug transaction, telling Hayes that Taketa was the person to whom he owed money. Hayes testified he would not have sold the drugs except for Ellerton's pleadings.

Defendant Hess testified that he had known Ellerton about one and one-half months before the sale of LSD. Hess said that Ellerton told him he and Taketa were associated with organized crime and that Taketa was pressuring Ellerton to repay some money. Hess claimed to have been induced to make the sale here because of Ellerton's entreaties.

The government did not produce Ellerton to testify.

The issue in this case arises from the trial court's instructions to the jury concerning entrapment. The court instructed as follows:

"The law recognizes two kinds of entrapment; unlawful entrapment and lawful entrapment. Where a person has no previous intent to violate the law but is induced or persuaded by law enforcement officers to commit a crime, he is entitled to the defense of unlawful entrapment, for the law as a matter of policy forbids a conviction in a situation in which a person * * * has no previous intent to violate the law, but is induced to do so by law enforcement officers. On the other hand, where a person already has readiness and willingness to break the law, the fact that the government agent provided what appears to be a favorable opportunity, is no defense. This is called lawful entrapment. * * * Bear in mind that I have said to you that the government must prove the defendants guilty and in doing so they must prove that the entrapment was lawful as here defined."

Neither defendant objected to this instruction and the question on this appeal is whether the instruction constituted plain error.

In Garcia v. United States, 373 F.2d 806, 809 (10th Cir. 1967), then Chief Judge Murrah stated as follows: "We must confess our inability to comprehend a 'lawful' entrapment. In our view the accused is either entrapped or he is not entrapped. If he is entrapped, he cannot be punished. * * * The words ['lawful' or 'unlawful'] add nothing to an understanding of the defense, and may indeed tend to confuse." Judge Murrah then outlined a correct instruction for entrapment but the court refused to reverse Garcia's conviction because the evidence demonstrated Garcia was not entitled to any instruction on the issue of entrapment. In the companion case of Martinez v. United States, 373 F.2d 810, 812 (10th Cir. 1967), Judge Hill reiterated that, "[w]hen the defense [of entrapment] is raised or asserted, the burden is upon the government to prove beyond a reasonable doubt that entrapment did not occur", or that the defendant's wrongful conduct did not result from entrapment. Although the Court found that the instruction in that case, taken as a whole, did not require a new trial, Judge Hill agreed "with appellant that the use of

the word 'unlawful' preceding the word entrapment in the instruction given was unnecessary and in our opinion improper."

In this case, we believe the defendants introduced sufficient evidence of entrapment to submit the issue to the jury. However, the trial court's charge was clearly erroneous when it instructed the jury regarding a concept of "lawful" versus "unlawful" entrapment.

While counsel was at fault in not requesting an instruction in conformity with the earlier decision of this Court, we think that under the circumstances of this case, the trial judge committed plain error in his instructions.[1]

Accordingly, the judgment of the district court is vacated and the matter remanded for a new trial.

---

1. Fed.R.Crim.P. 52(b) provides that "Plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the court." See generally Apodaca v. United States, 188 F.2d 932, 937 (10th Cir. 1951).