263 So.2d 282 (1972)
Tom SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. P-97.
District Court of Appeal of Florida, First District.
June 20, 1972.
*283 Law Offices of Willard E. Parsons, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Joseph DeMember, Asst. Atty. Gen., for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of a conviction of possessing a narcotic drug commonly known as marijuana.
Appellant and his roommate had an apartment on the beach at St. Augustine. The apartment was used by numerous friends for changing clothes after swimming and there were frequent overnight visitors. One, John LaGrosse, "practically lived there", and it was he who initially placed the marijuana in the closet of the apartment. About a block from the apartment is a bar where an undercover agent, Thompson, hung out, drinking beer and meeting people who would eventually give her information about drug sources. Appellant saw Mrs. Thompson sitting at a table, bought her a beer and invited her to his apartment. Once at the apartment, they drank wine and discussed marijuana.
Appellant's roommate indicated that John LaGrosse had left some marijuana in the apartment and proceeded to get it out of the closet. Finding that there was no available means of smoking the marijuana, Mrs. Thompson volunteered to go to the store to buy cigarette papers. Appellant's roommate drove her to a nearby store where she bought the papers with money supplied by the State. They went back to the apartment and rolled two marijuana cigarettes. One of the cigarettes was smoked at the apartment and Mrs. Thompson took the other one with her. Subsequently, appellant was arrested and found guilty of possessing marijuana.
One of the points raised by appellant on this appeal is the issue of entrapment. The law on entrapment was specifically set out in Lashley v. State, Fla., 67 So.2d 648 (1953), as follows:
"One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of `entrapment'. Such defense is not available, however, when the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent."
We believe that in the case sub judice the law enforcement agent provided more than an opportunity to commit a crime. First, there is an inherent inducement associated with allowing a female agent to be picked up in a bar and to accompany a man to his apartment. It would be naive of this court not to recognize the implied promise in return for which the appellant must commit a crime. In the exercise of governmental power, law enforcement officers should keep in mind that public confidence in the honorable administration of justice is an essential element of our American system. Government detection methods must measure up to reasonably decent standards. Accardi v. United States, 257 F.2d 168. It is beneath the dignity of the State of Florida to allow female agents to appear to be of questionable virtue in order to lure men into committing the crime of smoking marijuana.
The agent actively participated in the furtherance of the crime by leaving the apartment, purchasing the papers, and returning to the apartment with the means by which appellant and the agent could smoke marijuana. Out of regard for its own dignity, this court cannot allow agents of the State to engage in illegal acts and schemes designed to encourage rather than detect crime.
*284 The bait used by the state's agent in the case at bar is not unknown to man or history. Beginning with the first episode when "Mother Eve snitched the apple with which she seduced Father Adam"[1] and continuing down through the ages, winsome women, it is said, have worked their wiles to weaken the will of men and to induce them to engage in conduct they might otherwise have shunned, thus to perform acts not purely of their own volition. Society has always condemned such conduct and the State ought not condone it, much less have its paid agents out trolling for unsuspecting males whose minds are otherwise occupied than with thoughts of committing heinous crimes.
Accordingly, the judgment reviewed herein is reversed and the cause remanded with directions to discharge the defendant. See Liptak v. State, 256 So.2d 548 (Fla. App. 1972).
RAWLS and JOHNSON, JJ., concur.
NOTES
[1] See Justice Terrell's dissenting opinion in Stanford v. State, Fla., 110 So.2d 1, at p. 6.