**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Larry HAYES, Defendant-Appellant.**
**No. 72–1126.**

United States Court of Appeals,
Tenth Circuit.
May 4, 1973.

Rehearing Denied June 4, 1973.

Robert L. Pitler, Denver, Colo., for defendant-appellant.

Paul D. Cooper, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before BARNES*, HILL and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Defendant-appellant Hayes and his co-defendant Hess were found guilty by a jury of unlawful sale and delivery of LSD in violation of 21 U.S.C.A. § 331(q)(2) (1968). Their convictions occurred on a retrial after prior convictions were set aside by this court. 10 Cir., 441 F.2d 542. Hess has not appealed his conviction and we are concerned only with that of Hayes.

The case against Hayes was submitted to the jury on his possible guilt both as a principal and as an aider and abettor under 18 U.S.C.A. § 2. The defense was entrapment. After the verdict against him, Hayes was sentenced under the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b), and this appeal followed.

Defendant Hayes essentially argues on this appeal that the trial court erred: (1) as a matter of law in not requiring the prosecution to produce as a witness the government's paid informant and participant in the LDS purchase, Mr. Ellerton; (2) in not giving requested instructions that failure to produce Ellerton created a presumption that his testimony would be unfavorable to the prosecution; (3) in not concluding that there was entrapment as a matter of law; (4) in refusing to allow defendant Hayes to testify as to his state of mind in connection with the entrapment defense; and (5) in submitting an instruction on aiding and abetting as a basis of guilt.

First, we consider defendant's proposition that the trial court erred as a matter of law in not requiring the government to produce its paid informant, Mr. Ellerton, at trial. This contention was raised first in a pretrial motion which was argued to the trial court and denied. At the hearing the court indicated to defendant's attorney that it would not require the government to call Ellerton as a witness, but the court stated that the government would have to advise defendant of Ellerton's address so that he could be called as a defense witness, if desired. Defendant's attorney stated that the defense would call him "[i]f the government would do that."

Government counsel then advised the court that they had Ellerton's October, 1969, address but had had no contact with him since that time; that they could not find him for the last trial; that efforts were being made to locate him, which would continue; and that if he were found, defense counsel would be notified. The court accepted this statement by government counsel and entered a subsequent order denying the defense motion for production of Ellerton.

Defendant's motions after trial raised the question again, but were overruled.

---

* Honorable Stanley N. Barnes, of the Ninth Circuit, sitting by designation.

On appeal defendant says the conviction must be reversed since the government failed to produce Ellerton and made no showing of a reasonable effort to do so. He argues that Ellerton's appearance is crucial as corroboration in a case like this where the defense is entrapment. Reliance is placed primarily on Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir.), and United States v. Clarke, 220 F.Supp. 905 (E.D.Pa.).

■ Under various circumstances the courts have held the government to a duty to produce an informant or make a showing of a reasonable effort to do so.[1] We are, however, persuaded to agree with the trial court that in this case the government was not obligated to call Ellerton as its own witness. The court accepted as sufficient the undertaking of the prosecution to seek his present location and furnish it to the defense. We feel this was the proper measure of the government's duty in this case. The government is not the guarantor of the appearance of its informant at trial, but is required to accord reasonable cooperation in securing his appearance where a timely request is made and his testimony might substantiate a claim of the defense. United States v. Tuck, 380 F.2d 857, 859 (2d Cir.); see also United States v. Makekau, 429 F.2d 1403 (9th Cir.), cert. denied, 400 U.S. 904, 91 S.Ct. 143, 27 L.Ed.2d 141.

■ On this record we find no merit in defendant's request for a reversal on the ground that the government failed to show a reasonable effort to ascertain Ellerton's whereabouts. There was no motion or objection calling for a showing by the government as to such effort following the hearing on the motion to produce Ellerton. Throughout trial no move was made by the defense to raise the issue. The issue was raised in defendant's motion for a new trial but our record shows only the motion and the order overruling it.

In these circumstances we feel that it was not required that there be a showing or hearing on the reasonableness of the government's efforts to locate Ellerton. We conclude that there was no error in the handling of matters relating to the production of Ellerton as a witness or information about him.

■ Second, we will examine defendant's assertion that the court erred in refusing to give his proposed instructions 10 and 11.[2] The gist of the instructions was that an unfavorable inference may be drawn where the government fails to produce an available witness who has material testimony.

We are not persuaded by this assertion of error. As stated, our record contains no proof of the availability of Ellerton to testify at trial. The record shows only that at the time of the LSD transaction in 1969 Ellerton was a paid government informant working on a contingency basis and the subsequent representation by the prosecution at the pretrial hearing that they had Ellerton's October, 1969, address but had had no

---

1. *E. g.*, United States v. Cansler, 419 F.2d 952 (7th Cir.), cert. denied, 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (dictum); United States v. Tuck, 380 F.2d 857, 859 (2d Cir.) (dictum); Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir.); United States v. Moore, 330 F.Supp. 684, 687 (E.D.Pa.) (dictum) aff'd, 446 F.2d 448 (3d Cir.), cert. denied, 406 U.S. 909, 92 S.Ct. 1617, 31 L.Ed.2d 820; United States v. Clarke, 220 F.Supp. 905 (E.D. Pa.); People v. Goliday, 8 Cal.3d 771, 106 Cal.Rptr. 113, 505 P.2d 537 (1973); Eleazer v. Superior Court, 1 Cal.3d 847, 83 Cal.Rptr. 586, 464 P.2d 42; State v. Jones, 247 So.2d 342 (Fla.App.); see also United States ex rel. Drew v. Myers, 327 F.2d 174, 179–182 (3d Cir.), cert. denied, 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52. Cf. United States v. Golden, 436 F.2d 941, 947 (8th Cir.) cert. denied, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183; United States v. Wolfson, 322 F. Supp. 798, 819–820 (D.Del.) (dictum) aff'd, 454 F.2d 60 (3d Cir.), cert. denied, 406 U.S. 924, 92 S.Ct. 1792, 32 L.Ed.2d 124.

2. The proposed instructions were respectively those appearing in Federal Jury Practice and Instructions, Devitt and Blackmar, Sections 11.33 and 11.34, Vol. 1, pp. 249–251.

contact with him since that time and that, at the time of this pretrial hearing, his whereabouts were then unknown. Without deciding whether such instructions are necessary, in any event one essential predicate for them—the witness' availability—was not shown. See United States v. Pugh, 141 U.S. App.D.C. 68, 436 F.2d 222, 226; United States v. Makekau, supra; United States v. Peterson, 424 F.2d 1357, 1362 (7th Cir.), cert. denied, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 266. Thus there was no error in refusing the instruction.

Third, we turn to defendant's argument that he was entitled to a judgment of acquittal because entrapment was shown as a matter of law. He relies considerably on United States v. Bueno, 447 F.2d 903 (5th Cir.) and Liptak v. State, 256 So.2d 548 (Fla.App.).

 We are not persuaded that this record demonstrates that the defense was established as a matter of law. Entrapment occurs when the criminal design originates with agents of the government who implant in the mind of an innocent person the disposition to commit the offense. Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, 287 U.S. 435, 442, 53 S.Ct. 210, 77 L.Ed. 413; Martinez v. United States, 373 F. 2d 810, 812 (10th Cir.). Where the proof shows that the agents merely afforded the opportunity for commission of the offense, without any creative activity on their part, there is no entrapment. Davidson v. United States, 411 F.2d 75, 77 (10th Cir.).

It is true that there was considerable proof tending to show entrapment, such as defendants' testimony that Ellerton repeatedly pleaded with them to sell him LSD; that he said he needed it to sell to pay bills and care for his pregnant wife; that he said otherwise he feared harm from a "syndicate"; and that neither defendant had sold LSD until the incident with Taketa. Moreover there was no contradiction by the informant Ellerton or otherwise of such testimony as to inducements by Ellerton. See United States v. Bueno, supra, 447 F.2d at 906.

However the defendants' own admissions weakened the entrapment defense. Hayes admitted having given LSD to another person from a few tablets he had been given, but he denied any sale of LSD to anyone. Taketa and Hess testified that there was some price negotiation on the LSD sale. And Hayes admitted he replied to a question from Taketa about getting drugs in the future, saying "yeah, we could possibly do something in the future." Hayes stated he felt very uncomfortable and said this to get Ellerton and Taketa out of the house. Thus the proof cuts both ways and was in conflict on the entrapment defense, as well as on Hayes' degree of involvement.[3]

As stated, defendant Hayes relies on United States v. Bueno, supra, and Liptak v. State, supra, upholding the defense of entrapment as a matter of law where the defense was supported by uncontradicted proof, respectively, of government involvement by furnishing a drug that was later unlawfully sold by a defendant, and the offer of illicit consideration as well as money by a female informant for an unlawful sale. See also Spencer v. State, 263 So.2d 282 (Fla.

3. The proof was stronger on involvement by Hess in the transactions. Taketa testified that Hayes had said to Hess: ". . . [T]his is your deal so go ahead." Taketa said that Hayes stayed over to the side and was sort of semi-retired on a bed in the corner of the room. Hess described the LSD sale in question as ". . . the transaction between Mr. Taketa and myself."

Taketa testified that when he and Hess engaged in negotiations, Hess first told him it would take several hours to go and get the LSD and Taketa told him his time was limited. Hess then told Taketa that there were approximately 200 tablets of LSD in the immediate vicinity. Taketa said that they had discussed a price of $1.40 per tablet and that they later negotiated the price down to $1.30 per tablet. Taketa testified that Hayes left for a few moments and came back with a bag containing the tablets. However, both Hess and Hayes testified that Hess had gone out and gotten the tablets.

App.), cert. denied, 267 So.2d 835 (Fla.). We feel that reliance on the cases is misplaced.

First, our record shows no conduct by government agents of such character. Moreover the Supreme Court has recently rejected reasoning similar to that found in the *Bueno* and Florida cases. See United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (decided April 4, 1973), reversing United States v. Russell, 9th Cir., 459 F.2d 671. The Ninth Circuit had sustained an entrapment defense as a matter of law because of conduct of a government agent in supplying a scarce ingredient essential for manufacture of "speed" which the defendant later unlawfully sold. In reversing, the Supreme Court made it clear that the defense could not be sustained as a matter of law for such "overzealous law enforcement," and that the entrapment defense turned on the question of predisposition. "It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." Id. at 436, 93 S.Ct. at 1645.

■ We are satisfied that in our case this question of entrapment was one of fact on evidence conflicting as to predisposition and involving credibility, see also United States v. Gibson, 446 F.2d 719, 721 (10th Cir.); that it was properly submitted to the jury; and that the jury finding against defendant Hayes is supported by the record.

■ Fourth, defendant argues that the court erred in not allowing him to testify as to his state of mind. He says he was not allowed to testify as to the reason why the LSD was sold. We will outline the principal matters in the record on this argument.

Hayes refers to the trial court's refusal to let Hess testify whether the transfer would have taken place but for the influences exerted on Hess by Ellerton. The trial court sustained an objection to the question on the ground that it was one of the ultimate questions the jury had to resolve. The court then also refused to allow Hess to testify whether he was in any other way influenced by Ellerton.

While Hayes was testifying he was not permitted to state how he personally felt about Ellerton when he described a social visit with Ellerton at a girl's house about a month before the LSD incident. Again Hayes was not allowed to answer why he felt uncomfortable the night of the transfer. In connection with both of these questions there was no offer of proof as to the answer Hayes would have given if he had been permitted to testify. Finally Hayes was asked whether he wanted to sell the LSD, and an objection was sustained to the question and to his answer, "No."

■ We cannot agree with the view expressed by the trial court that the testimony should be ruled out because it involved an ultimate question before the jury. Where a defendant's intent is in issue he should be permitted to testify as to his motive and actual intent or state of mind. Crawford v. United States, 212 U.S. 183, 202–203, 29 S.Ct. 260, 53 L.Ed. 465; United States v. Edwards, 458 F.2d 875, 884 (5th Cir.); Whiting v. United States, 296 F.2d 512, 519 (1st Cir.); United States v. Kyle, 257 F.2d 559 (2d Cir.), cert. denied sub. nom., United States v. Gardner, 358 U.S. 927, 79 S.Ct. 312, 3 L.Ed.2d 301; Krogmann v. United States, 225 F.2d 220, 229 (6th Cir.); Collazo v. United States, 90 U.S.App.D.C. 241, 196 F.2d 573, 581, cert. denied, 343 U.S. 968, 72 S.Ct. 1065, 96 L.Ed. 1364; Haigler v. United States, 172 F.2d 986, 988 (10th Cir.). The fact that the issue of his intent is before the jury does not bar a defendant from his right to face the jurors and tell them his intentions and motives. Crawford v. United States, supra, 212 U.S. at 202–203, 29 S.Ct. 260. And he is entitled to testify whether he would have done the acts in question if inducements or pressures claimed had not existed. Whiting v. United States, supra, 296 F. 2d at 519.

We are persuaded, however, that the rulings here against the admission of some testimony were harmless error in

the circumstances of this case. They did not affect the defendant's substantial rights and should be disregarded. 28 U.S.C.A. § 2111; Rule 52(a), F.R. Crim.P.

As stated, as to some questions no offer of proof was made to demonstrate the harm from the rulings. McDonald v. United States, 246 F.2d 727, 729 (10th Cir.), cert. denied, 355 U.S. 863, 78 S.Ct. 95, 2 L.Ed.2d 68. Moreover the defendants had developed the proof in considerable detail on the issues in question. They had shown Ellerton's repeated entreaties to them and several rejections of them. Hayes testified that the night Ellerton first mentioned buying LSD he said he "was not interested in doing any kind of deal with him." On the day of the LSD transaction when Ellerton told Hayes he was bringing someone by who had drugs he wanted to sell, Hayes testified he told Ellerton he didn't want to meet anyone; that Ellerton kept insisting; and that Hayes said he could bring anyone by he wanted to, but added, "I don't want to do a deal with anyone."

In view of the proof admitted we are satisfied that the further statements which the defendants sought to make would have had but very slight effect. See United States v. Edwards, supra, 458 F.2d at 884. On the record of all that happened our conviction is sure that the error had but very slight effect and thus the verdict and judgment should stand. Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557.

Lastly appellant claims that the trial court erred by instructing that defendant could be convicted as an aider and abettor under 18 U.S.C.A. § 2. He says the proof is clear that Hayes had told Hess that " . . . [t]his is your deal." And appellant refers to other proof showing that Hess carried out the transaction with Taketa. Thus, he argues, the proof did not justify submission of the aiding and abetting instruction.

We have referred earlier to proof showing the involvement of Hayes. We note that Hayes admitted he had indicated the good quality of the tablets when Taketa said " . . [t]hey better be good or I will be back . . .", and that he accepted the money for them, which he says he did because Taketa handed it to him. In describing his own acts connected with the money, Hayes testified: " . . . I was just trying to get everyone out of that room, out of the house. I felt very uncomfortable."

 As a whole the proof was sufficient for a reasonable inference that Hayes associated himself with the wrongful venture, that he participated in it as something he wished to bring about, and that he sought by his actions to make it succeed. Nye & Nissen v. United States, 336 U.S. 613, 619–620, 69 S.Ct. 766, 93 L.Ed. 919. We feel there was no error in submitting the aiding and abetting instruction to the jury.

We conclude that no reversible error is demonstrated and accordingly the judgment is affirmed.