The **UNITED STATES** of America,
Appellee,

v.

Sherman **ANDERSON**, Appellant.

No. 73–1076.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted June 26, 1973.

Decided Sept. 21, 1973.

Daniel J. Sears, Asst. U. S. Atty. (James L. Treece, U. S. Atty., Daniel J. Sears, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Sandra Rothenberg, Denver, Colo., for appellant.

Before JONES*, SETH and DOYLE, Circuit Judges.

PER CURIAM:

The appellant, Sherman Anderson, was convicted of making a sale of heroin in violation of 21 U.S.C.A. § 841(a)(1).

■ Prior to trial Anderson filed a motion to require that he be furnished with a transcript of the grand jury proceedings. The minutes had not been recorded. When this motion was overruled, Anderson moved to dismiss the indictment for failure to furnish a transcript of the grand jury minutes. This motion was also overruled. Error is assigned. The rulings of the district court were correct. United States v. Cooper, 10th Cir. 1972, 464 F.2d 648; cert. den. Salazar v. United States, 409 U.S. 1107, 93 S.Ct. 901, 902, 919, 921, 34 L.Ed.2d 688; reh. den. 410 U.S. 959, 93 S.Ct. 1414, 1415, 1416, 1424, 35 L.Ed.2d 695, 696; United States v. Hedges, 10th Cir. 1972, 458 F.2d 188.

The officer who negotiated the purchase of the heroin was introduced to the appellant by a Government informer, known to the officer as Tommie. The informer was not produced by the Government as a witness. Anderson re-quested and the court refused to give the following instruction:

"If a witness whose testimony would have been material on an issue in this case was peculiarly available to the government and was not introduced by the government and the absence of that witness has not been sufficiently accounted for or explained, then you may, if you deem it appropriate, infer that the testimony by that witness would have been unfavorable to the government and favorable to the accused."

■ During his testimony the officer stated that he had not seen Tommie for some time, did not know his address and had given Anderson's counsel the last address he had of Tommie. Under these circumstances a missing witness instruction is not required. United States v. Pugh, 1970, 141 U.S.App.D.C. 68, 436 F.2d 222; United States v. Peterson, 7th Cir. 1970, 424 F.2d 1357, cert. den. 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 266; United States v. Makekau, 9th Cir. 1970, 429 F.2d 1403, cert. den. 400 U.S. 904, 91 S.Ct. 143, 27 L.Ed.2d 141.

■ In his testimony the officer who negotiated the purchase identified Anderson as the person who made the sale. Objection was made to the testimony on the asserted ground that it was based upon the examination of a single photograph. The evidence showed that the officer had seen Anderson five or six times and that the examination of the photograph was not to identify Anderson but to determine his name. The objection was properly overruled. United States v. Croft, 10th Cir. 1970, 429 F.2d 884; Davida v. United States, 10th Cir. 1970, 422 F.2d 528, cert. den. 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49.

The record is free from error. The judgment of the district court is

Affirmed.

---

* Of the Fifth Circuit, sitting by designation.