The UNITED STATES of America,
Plaintiff-Appellee,

v.

Nigel FANCUTT et al., Defendants-
Appellants.

Nos. 73–1410 to 73–1412.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Oct. 16, 1973.

Decided Feb. 5, 1974.

Rehearing Denied Feb. 27, 1974.

J. Terry Wiggins, Denver, Colo. (James L. Treece, U. S. Atty., J. Terry Wiggins, Asst. U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Ronald A. White, Aurora, Colo., for defendants-appellants.

Before LEWIS, Chief Judge, and JONES * and McWILLIAMS, Circuit Judges:

JONES, Circuit Judge:

The appellants, Nigel Fancutt, Kevin Smith and Paul Bushnell, together with Jeffery Whitfield, were charged in a one count indictment with the unlawful distribution of Lysergic Acid Diethylamide (LSD) in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. A jury trial resulted in the conviction of the appellants. Their separate appeals have been consolidated.

Through an informer, Michael Franzen, David Hanks, an agent of the Federal Bureau of Narcotics and Dangerous Drugs, was put in contact with the appellants Smith and Bushnell and negotiations were had for the purchase by Hanks of LSD. A meeting was arranged with Hanks by Smith and Bushnell. The meeting was held in a motel room in Boulder, Colorado. At the meeting were Hanks, the appellants, the informer, an unidentified girl, and Jeffery Whitfield, who was indicted with appellants but not tried. Fancutt delivered 2,000 LSD tablets to Hanks who paid Fancutt $650. Hanks asked if Fancutt would take care of the others in the room. Smith and Bushnell each claimed and were paid $100. It was said that Hanks was to take care of

Whitfield and Hanks gave him $20. Eleven days later the appellants were taken into custody.

The appellants assert that reversible error was committed by the prosecuting attorney in his jury argument. In his opening summation Government counsel said:

"Now, the evidence is clear that Mr. Fancutt actually handed over or delivered the pills, and he actually received the money. I think the conversation is clear enough in this case as to how the money was to be split up, and that both Mr. Smith and Mr. Bushnell took a principal part, really, in the sale, but aided and abetted for certain Mr. Fancutt in that sale."

In his closing jury argument, and in response to comments of defense counsel, the prosecutor stated:

"And his [defense counsel's] primary question to you was: 'Where did the money go,' and my answer is, 'I do not know.'

"Fortunately, it is not a part of the burden of proof upon the Government to know where that money went. You can't explain what happened to it in ten days. I know where it initially went. It was given to Nigel Fancutt. I know where Mr. Smith said $200 was going; $100 to him and $100 to Paul Bushnell. I don't know what the three of those defendants did with the money, but it is not necessary that I prove that to you.

"If you truthfully believe that Agent Hanks purposely, knowingly, and wilfully testified falsely to material facts in this case, then you should by all means dismiss all three of these defendants.

"But if you believe, as I believe the evidence indicates, that Agent Hanks testified truly, he testified to the transactions that took place; and I submit to you that the only verdict you can arrive at is guilty as to all three defendants. Thank you."

* Of the Fifth Circuit, sitting by designation.

No objection was made to the statements of counsel when they were made. No request was made for a jury instruction to disregard the statements. No reference to them was made in the motions for a new trial. Jury verdicts in criminal cases are to be rendered upon the facts as disclosed by evidence and the law as pronounced by the court. That which the prosecutor thinks, believes or knows are not to be given consideration. Such argument is improper. The evidence of guilt is strong. No fundamental right of the appellants has been jeopardized. No such prejudice is shown as requires this Court to invoke the plain error rule. Hall v. United States, 10th Cir. 1969, 404 F.2d 1367; Findley v. United States, 10th Cir. 1966, 362 F.2d 921; McManaman v. United States, 10th Cir. 1964, 327 F.2d 21.

Prior to the trial, at the direction of the court, the Government had furnished defense counsel with the last known address of the informer, Michael Franzen. Franzen was not at the trial and no request had been made by the Government or the defendants for a witness subpoena to procure his attendance. Agent Hanks testified that he had seen Franzen during the week prior to the trial. No inquiry was made of Hanks as to whether he knew of Franzen's then whereabouts. The defendants requested the giving of the following instruction,

> "You are instructed that the government has failed to produce a witness who would have elucidated certain facts which are presently at issue. This witness is peculiarly available to the government and the defense has been unable to locate him. Consequently, you are to presume that this witness would have testified against the government."

The trial court refused to give the instruction and the refusal is asserted as error.

In appellants' brief it is recited that defense counsel had stated to the trial court that the Government had supplied an address of Franzen but "That address in defenses' investigation failed to locate him." The record reflects the accuracy of the recital in the brief. The brief does not show, as does the record, that the court made the comment that "There wasn't any evidence to that effect." Nor does the brief show, as does the record, that counsel responded to the court's comment by saying, "Okay, I will withdraw that." Litigants should not rely, in this Court, upon that which was withdrawn in the district court. The same unsubstantiated statement is set forth in the instruction tendered by the defense. This, without more, would require the court to refuse to give the instruction.

■ The Government is not, as a general rule, under a duty to have its informer present at the trial. The Government is required to give reasonable assistance to defendants and their counsel in making it possible for them to procure the informer as their witness. United States v. D'Angiolillo, 2nd Cir. 1965, 340 F.2d 453, cert. den. 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972. Here the Government did all that was asked of it. If more was needed then more should have been demanded. United States v. Hayes, 10th Cir. 1973, 477 F.2d 868. The trial court properly refused to give the requested instruction.

■ On cross-examination Agent Hanks testified that he thought the unidentified girl was Smith's girl friend, that he understood that Bushnell had arranged for the motel room and that he did not believe he had told Smith that next time he, Hanks, wanted to deal with Smith. Smith testified on his own behalf. He testified as to his name, his age and his address. In an apparent attempt to discredit Agent Hanks, he stated that the unidentified girl was not his girl friend, that he did not rent the motel room and that Agent Hanks had said that next time he wanted to do business with Smith. Such was Smith's testimony and none other was put on by any of the defendants.

In his jury argument Government counsel said,

"Beyond that, [testimony of a chemist and Agent Hanks] the only testimony that you heard was the testimony of Mr. Smith. Mr. Smith took the witness stand. He stated to you that he lived in Boulder with his parents, if you will recall. He stated to you that he did not rent the room in which this transaction went on, you will recall, where the transaction took place.

"He testified to you that the young lady in the room was not his girl friend, if you will recall, and that's all he said. He did not tell you about the transaction."

The jury was instructed that no presumption or inference of guilt could be drawn by reason of the failure of Fancutt and Bushnell to testify. The appellants Fancutt and Bushnell contend that the quoted portion of the prosecutor's argument constituted comment on their failure to testify and required a new trial. It is the settled rule that the prosecutor may not direct the attention of the jury to the failure of a defendant charged with a criminal offense to testify. Knowles v. United States, 10th Cir. 1955, 224 F.2d 168. This does not preclude a fair comment on the evidence. In the Knowles case the Court held that "It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf, and the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." 224 F.2d 168, 170.

In a subsequent case, where the foregoing rule was applied, this Court said, "That Government counsel may direct the jury's attention to the fact that the evidence against the defendant is uncontradicted, especially when the facts in issue could be controverted by persons other than the defendant." Doty v. United States, 10th Cir. 1968, 416 F.2d

887, vacated on other grounds sub nom., Epps v. United States, 401 U.S. 1006, 91 S.Ct. 1247, 28 L.Ed.2d 542. There was no error in the challenged statement of the prosecutor.

Finally, the defendants contend that the cumulative effect of all of the assignments constitute error. This is not one of those rare situations where the sum of the parts is greater than the whole.

By a "Supplemental Brief" the appellant Paul Bushnell attempts to raise questions with respect to sentencing procedures in the district court. This Court need not now determine whether the questions are timely presented. It is enough to say that whatever needs to be done with respect to the sentencing of any or all of the appellants can be done in the district court on the going down of the mandate of this Court. Rule 35, Fed.Rules Crim.Proc.

The judgment of the district court is Affirmed.