ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant the State of Florida’s motion pursuant to Florida Rule of Appellate Procedure 9.330 for clarification of our prior opinion in this case, rendered August 28, 1986. Accordingly, we withdraw our prior opinion and in its place, issue the following decision:
This case involves the defense of entrapment in a criminal case.
Law enforcement officers told a female that if she would help them she might not be charged with possession of cocaine that had been found by firemen at her residence. She became a “confidential informant.” Although she had not seen the defendant for three years, she named him as one who had sold drugs in the past, and initiated two night meetings with the defendant which included “kissing and hugging.” After she told the defendant that if he “could get her something [they] would get together for the weekend, fool around and party,” defendant gave her some cocaine. The confidential informant also met with one of the law enforcement officers at her residence at night on two occasions and they drank beer, talked, and kissed. The trial court granted defendant’s motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).[1] The State appeals. We affirm.
*895 We agree with the trial court that the uncontested facts before him established, as a matter of law, that the actions of the law enforcement officers in this case were not accurately directed only at the apprehension of one involved in a specific ongoing criminal activity and that the law enforcement officers employed a method with a substantial risk of persuading or inducing one to commit a criminal offense that he was not otherwise ready or willing to commit. Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, — U.S. -, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). When law enforcement agencies utilize confidential informants who use sex, or the express or implied promise thereof, to obtain contraband the defendant did not already possess, there is no way for the courts or anyone else to determine whether such inducement served only to uncover an existing propensity or created a new one. This violates the threshold objective test. See Cruz v. State, supra; Spencer v. State, 263 So.2d 282 (Fla. 1st DCA), cert, denied, 267 So.2d 835 (Fla.1972). Cf State v. Perez, 438 So.2d 436 (Fla. 3d DCA 1983) (the state is responsible for its agent’s “inducing conduct” even if the police are unaware of the conduct). Compare State v. Eichel, 495 So.2d 787 (Fla. 2d DCA 1986).
AFFIRMED.
COBB and SHARP, JJ., concur.
COWART, J., concurs in part; dissents in part, with opinion.

. The defendant’s affidavit stated that: (1) he had not seen the confidential informant for three years and had never sold or given her drugs, (2) the confidential informant called him *895 at work three times, (3) when he first went to her house she was drinking gin and wanted him to get her an ounce of cocaine; he told her he had kicked the habit and was not fooling with it anymore, and (4) the confidential informant started kissing him and asked him if he would please get her something and that if he would get her something they would get together for the weekend, fool around and party. The confidential informant’s sworn affidavit corroborated the defendant’s statement and further stated that: (1) after she first called the defendant and he said he didn't want to get her drugs, the police officers told the confidential informant “to push it [because] they were sure I could talk him into it”; thereafter the defendant stated that he had quit six months ago and didn’t want to, and (2) she told him she needed to get an ounce of coke to sell because she was broke, unemployed, had totaled her car, and really needed the money.