COMMONWEALTH vs. ANTHONY C. THOMPSON.

Suffolk. October 7, 1980. — January 29, 1981.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Entrapment. Practice, Criminal,* Appeal, Instructions to jury. *Evidence,*
Relevancy and materiality, State of mind.

A defendant convicted on charges arising from his sale of a pistol and a
rifle to two undercover agents of the Treasury Department was not en-
titled to a new trial even though the judge erred in excluding certain
evidence relating to the defense of entrapment where the evidence, to-
gether with the defendant's offers of proof as to the excluded testi-
mony, merely disclosed solicitation, not inducement, by a government
agent and was therefore not sufficient to raise a jury issue on entrap-
ment. [381-386]
At a criminal trial, the judge was not required to instruct the jury on the
entrapment defense in the absence of sufficient evidence of induce-
ment. [386]

INDICTMENT found and returned in the Superior Court on
July 15, 1977.
The case was tried before *Ronan,* J.
After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.
*John P. Courtney* for the defendant.
*John Gibbons,* Assistant District Attorney, for the Com-
monwealth.
ABRAMS, J. In this appeal the defendant Anthony C.
Thompson claims error (1) in the exclusion of evidence
which was relevant to his defense of entrapment, and (2) in
the instructions to the jury on the issue of entrapment.
Thompson claims that as a result of the judge's errors he is
entitled to a new trial on a two-count indictment charging

him with unlawfully carrying on his person a firearm less than sixteen inches in length, see G. L. c. 269, § 10 (a) (1) and (2), and of carrying on his person a rifle without a firearms identification card, G. L. c. 269, § 10 (a) (4) (3).[1] The judge sentenced the defendant to two concurrent terms of four and one-half to five years at the Massachusetts Correctional Institution at Walpole. The defendant filed a claim of appeal to the Appeals Court. We transferred the case to this court on our own motion. We affirm.

We summarize the evidence. On May 19, 1977, the defendant sold a pistol and a rifle to two undercover agents of the Bureau of Alcohol, Tobacco and Firearms of the Treasury Department. Thompson was introduced to the agents by one Gerry Brown, an informant working at that time for the Federal agents and the Boston police.[2] When Thompson met Brown and the two undercover agents in Park Square, one of the agents asked Thompson if he "had the guns." Thompson replied that he did, but not on his person, and directed the agent to drive to another part of the

---

[1] A two-count indictment charging Thompson with the sale of the pistol and the rifle was placed on file with Thompson's assent. See G. L. c. 269, § 10 (g). See infra.

[2] Viewing the evidence in the light most favorable to the defendant, we accept Thompson's contention that Brown was an agent of the government, and therefore the entrapment defense was available to Thompson. See Commonwealth v. Miller, 361 Mass. 644, 651-652 (1972) ("the defence of entrapment is appropriately raised . . . by the introduction of some evidence of inducement by a government agent or one acting at his direction"). See also United States v. Gomez-Rojas, 507 F.2d 1213, 1220 (5th Cir.), cert. denied, 423 U.S. 826 (1975) ("[t]he law does not require that a man be badged in order to be capable of entrapping an innocent citizen"); United States v. Buie, 407 F.2d 905, 908 (2d Cir.), aff'd sub nom. Minor v. United States, 396 U.S. 87 (1969); Notaro v. United States, 363 F.2d 169, 172 (9th Cir. 1966); Henderson v. United States, 237 F.2d 169, 175 (5th Cir. 1956). See Note, Entrapment 73 Harv. L. Rev. 1333, 1341 & n.43 (1960): "When persons who are not law enforcement officials act with official encouragement or assistance, they should be treated as government agents for purposes of the entrapment defense. Otherwise, its protection could be avoided by indirection [citing Sherman v. United States, 356 U.S. 369, 373-375 (1958)] . . . . Most cases accept without discussion the proposition that persons promised rewards by the police for procuring arrests are government agents."

city. When the men reached the destination selected by Thompson, he got out of the car, saying he had to get the guns. After the defendant left the car, Gerry Brown also left. Approximately five minutes later, Thompson returned with a brown paper bag which contained two guns, a Fabrique National semi-automatic pistol and a Savage Arms .22 caliber single shot rifle. Thompson told the agents that he wanted eighty dollars for the two guns, which he said did not belong to him. The agents paid that amount and took the guns.

Before making the sale, the defendant asked the agents what use they planned to make of the guns. The agents replied that they planned to use the guns in robberies including a specific robbery to be committed in Brookline. Thompson then asked the agents if he could take part in the Brookline robbery. The agents told him he could join them, and the agents made rudimentary plans to meet Thompson by exchanging telephone numbers. The agents also asked Thompson if he had any information about individuals dealing illegally in firearms; Thompson replied that he had no such information, as he had found the guns he was selling.

Thompson, who testified in his own defense, admitted selling two guns to the two undercover agents. He said that he obtained the guns by taking them from a bag which he observed a man "stashing" in an empty lot. Thompson inspected the bag and discovered it contained money and guns. He took the money, which he estimated to be between $50 and $100, and for the time left the guns in the bag under debris and garbage.

*The entrapment issue.* At the outset there is some question as to whether the issues relating to the entrapment defense are properly before the court. The defendant's claim of entrapment rests on his assertion that he was induced by Brown into selling the two guns to the Federal agents. However, the indictment charging Thompson with the sale of the pistol and the rifle was placed on file with Thompson's assent. See note 1, *supra.* "Absent exceptional circumstances, we do not consider appeals on assignment of error

on indictments placed on file since no appeal may come
before us until after judgment, which in criminal cases is the
sentence." *Commonwealth* v. *Delgado*, 367 Mass. 432, 438
(1975). *Commonwealth* v. *Subilosky*, 352 Mass. 153, 165
(1967). There is no evidence in the record nor any sugges-
tion on appeal by Thompson that he was induced by the
government to carry the two guns on his person without a
license or without a firearms identification card. In his
arguments on the entrapment issue Thompson focuses solely
on the sale of the weapons. Nevertheless, the parties have
assumed that the entrapment issue is applicable to every
charge against Thompson. In these circumstances we shall
not disregard the theory of law on which the parties pro-
ceeded at trial. *Baker* v. *Commercial Union Ins. Co.*, *ante*
347, 349 n.5 (1981); *Kagan* v. *Levenson*, 334 Mass. 100, 106
(1956).

We summarize the facts on inducement. At trial,
Thompson said that a couple of weeks after he found the
two guns, see *supra* at 381, Gerry Brown approached him
with a "proposition." After Brown made the proposition,
Thompson ascertained that the guns were still in the bag in
the lot. When defense counsel asked Thompson what
Brown's proposition was, the judge sustained the prosecu-
tor's objection to the question.[3] Thompson made an offer of
proof that "Mr. Brown in fact approached him and asked
him if he could obtain some guns for Mr. Brown and had
told Anthony [Thompson] that there was some money in it
for him [Thompson] if he would."[4]

Thompson said that Brown previously had come to him
with other propositions, and that Thompson had benefited

---

[3] It is not clear whether the objection was to the form of the question or
its substance. We assume for purposes of the appeal that the exclusion of
the question was not based on the form of the question.

[4] A similar offer of proof was made when the question was again exclud-
ed. "Mr. Brown solicited him [Thompson] to see if he [Thompson] could
find some guns and there was some money in it for him [Thompson]."

from those propositions.[5] Thompson said that the two men had supplied each other with drugs. Thompson also said that he (Thompson) had a "problem" when Brown approached him in the spring of 1977 and that he was in need of money. When defense counsel asked what the problem was, the judge sustained the prosecutor's objection to the question. The defendant made offers of proof that the answers would have been that he (Thompson) needed money at that time because he had a drug problem, and that Gerry Brown was aware of Thompson's drug problem.

The defendant argues that it was error for the judge to exclude the defendant's testimony as to the "proposition" Brown made to him. We agree. Thompson's testimony as to what Brown proposed to him should have been admitted in evidence. The general rule in this Commonwealth is that "all relevant evidence is admissible unless barred by an exclusionary rule." *Commonwealth* v. *Vitello*, 376 Mass. 426, 440 (1978).

Entrapment is a defense which may be asserted when a defendant is intentionally induced by the government or its agents into committing all the elements of a criminal offense. *United States* v. *Russell*, 411 U.S. 423, 435 (1973). The defense arises only if the criminal conduct was the product of the "creative activity" of law enforcement officers or agents, *Sorrells* v. *United States*, 287 U.S. 435, 451 (1932). A defendant who raises the common law defense of entrapment, see *United States* v. *Russell, supra* at 430-432, bears the burden of introducing some evidence of inducement by government officers or agents. *Commonwealth* v. *Miller*, 361 Mass. 644, 651-652 (1972). Thompson's proffered testimony, which related to Brown's solicitation of him, therefore, was relevant and admissible. See *State* v. *Tomlinson*, 243 N.W. 2d 551, 554 (Iowa 1976) ("[t]he transactional negotiations of the government and the defendant are

---

[5] On the view we take of inducement, see *infra* at 385-386, we do not need to reach the issue whether the judge below unduly restricted the Commonwealth's efforts to prove predisposition.

relevant evidence on [the] issue [of entrapment]"). When, as here, a statement is not offered to prove the truth of the words but to show inducement, the statement is not inadmissible on the ground of hearsay. See *Brown* v. *State*, 299 So. 2d 37, 38 (Fla. Dist. Ct. App. 1974), cert. denied, 310 So. 2d 740 (Fla. 1975) (testimony by defendant dealing with his conversations with government informant was not hearsay because they were offered "not to prove the truth of the matter asserted, but rather to show the appellant's state of mind and the inducement of the confidential informant"). See also *State* v. *Ostrand*, 219 N.W.2d 509, 512 (Iowa 1974).

Similarly, the defendant's testimony that he would not have thought of selling the guns but for Brown's solicitation was also relevant and admissible on the entrapment issue.[6] Since no "entrapment exists 'if the accused is ready and willing to commit the crime whenever the opportunity might be afforded,'" *Commonwealth* v. *Miller*, 361 Mass. 644, 651 (1972), quoting from *United States* v. *Groessel*, 440 F.2d 602, 605 (5th Cir.), cert. denied, 403 U.S. 933 (1971), the defendant's state of mind is in issue. Therefore, the defendant should have been allowed to testify whether he would have thought of selling guns if Brown had not approached him. As the court stated in *Whiting* v. *United States*, 296 F.2d 512, 519 (1st Cir. 1961), "However much the court may think such testimony 'rationalization,' this does not make it inadmissible." See *United States* v. *Hayes*, 477 F.2d 868, 873 (10th Cir. 1973) (in entrapment cases where a defendant's intent is in issue, "he should be permitted to testify as to his motive and actual intent or state of mind").

However, "[t]o reach the jury, there must be some evidence of government inducement." *United States* v. *Anglada*, 524 F.2d 296, 298 (2d Cir. 1975). Although the threshold level for showing inducement in entrapment cases

---

[6]Thompson was not permitted to answer the following question: "Now, would you have thought of doing this [selling guns] if Mr. Brown had not approached you?" Assuming the question to be proper in form the answer to the question should have been admitted.

is very low, "[i]nducement is not established by showing how little it would take to cause a particular defendant to commit a crime. Rather, the focus is on the nature and extent of the Government's invitation." *United States* v. *Steinberg*, 525 F.2d 1126, 1135 (2d Cir. 1975), cert. denied, 425 U.S. 971 (1976).

On this record, accepting as true Thompson's offers of proof, the evidence does not disclose inducement on the part of the government. "Mere evidence of solicitation is not enough to show inducement . . . ." *Commonwealth* v. *Miller, supra* at 652. There were no lengthy negotiations between Brown and Thompson, nor aggressive persuasion or coercive encouragement by Brown. Cf. *United States* v. *Jannotti*, 501 F. Supp. 1182, 1187-1203 (E.D. Pa. 1980). In this case, no factors are present which have in the past given rise to a finding of inducement. Here, no evidence was introduced that "the government agents went beyond a simple request and pleaded or argued with the defendant." *Commonwealth* v. *Miller, supra* at 652, quoting from *Kadis* v. *United States*, 373 F.2d 370, 374 (1st Cir. 1967). Similarly, there was no evidence that the government made repeated or persistent solicitations of Thompson. *Sherman* v. *United States*, 356 U.S. 369, 371 (1958) (defendant only agreed to sell narcotics illegally "after a number of repetitions of the request, predicated on [the informant's] presumed suffering"). *Sorrells* v. *United States*, 287 U.S. 435 (1932) (defendant sold whiskey to agent only after repeated requests and pleas based on common loyalty to a military unit). *United States* v. *Borum*, 584 F.2d 424 (D.C. Cir. 1978) (inducement found where undercover agents solicited guns from defendant twenty times). Cf. *United States* v. *Bradley*, 426 F.2d 148, 150 (7th Cir. 1970) (no inducement found where "[t]here is no evidence of persuasion, importuning, play on sympathy or other emotion, or other factor which would serve to clothe a mere request with the indicia of inducement").

Viewing the defendant's evidence and offers of proof in the light most favorable to the defendant, we think that the

record fails to disclose conduct on the part of the government beyond a mere request.[7]  Therefore, we conclude that the evidence of inducement was not sufficient to raise a jury issue on entrapment.

*The charge to the jury.*  The defendant argues that the judge committed error in his charge by not adequately instructing the jurors that entrapment can be carried out by a government "agent" as well as by a government "officer." See note 2, *supra*.  In the absence of sufficient evidence on the issue of inducement, there was no basis for the judge to have instructed the jury on the entrapment defense.  Since the charge was thus more favorable to Thompson than was required by the evidence, we do not discuss the charge.  See *United States* v. *Armocida*, 515 F.2d 29, 56 (3d Cir.), cert. denied sub nom. *Gazal* v. *United States*, 423 U.S. 858 (1975); *Commonwealth* v. *Monico*, 373 Mass. 298, 304 (1977).[8]

*Judgments affirmed.*

---

[7]Therefore, we do not reach or decide what weight, if any, should be given to Thompson's drug problem.  See *United States* v. *Borum*, 584 F.2d 424, 428 n.3, and MacKinnon, J., dissenting at 435-436 (D.C. Cir. 1978).  See also *United States* v. *Steinberg*, 525 F.2d 1126, 1132 (2d Cir. 1975), cert. denied, 425 U.S. 971 (1976); *United States* v. *Henry*, 417 F.2d 267, 270-271 (2d Cir. 1969), cert. denied, 397 U.S. 953 (1970).

[8]For a jury instruction which covers the situation when agents are used, see 1 E.J. Devitt & C.B. Blackmar, Federal Jury Practice and Instructions § 13.09 (3d ed. 1977 & Supp. 1981) ("[w]here a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law as a matter of policy forbids his conviction in such a case").