COMMONWEALTH *vs.* FREDERICK L. HARDY. No. 90-P-876. July 22, 1991. *Entrapment. Practice, Criminal,* Instructions to jury.

We reverse the defendant's conviction of distributing cocaine because of the District Court judge's failure to instruct the six-person jury, to whom the case was tried, on the issue of entrapment. Defense counsel requested such an instruction during a charge conference, and he voiced a timely objection to the judge's failure to give it. We think the entrapment defense was adequately raised by evidence of a government agent's intentional, persistent, and repeated conduct which went beyond a mere solicitation or request that the defendant participate in a criminal act. See *Commonwealth* v. *Miller*, 361 Mass. 644, 651-652 (1972). Contrast *Commonwealth* v. *Thompson*, 382 Mass. 379, 385 (1981); *Commonwealth* v. *Shuman*, 391 Mass. 345, 351-353 (1984); *Commonwealth* v. *LaBonte*, 25 Mass. App. Ct. 190, 194 (1987).

Norbert R. Sheckier worked, often undercover, for the "United States Army Criminal Investigation Command Drug Suppression Team" at Fort Devens. He testified that on March 13, 1989, he commenced an investigation of the defendant, the operator of a shuttle bus at Fort Devens, and that on two occasions, April 1, 1989, and April 6, 1989, the defendant arranged purchases of cocaine at an establishment known as Charlie's Bar. Only the April 6 incident was the subject of the criminal charge.

The defendant's testimony was as follows. Sheckier approached him on the shuttle bus on at least five occasions prior to April 1, inquiring about buying drugs. The defendant was "stunned," and told Sheckier he neither sold nor used drugs. The defendant had arranged to meet Sheckier on April 1 at a party. Sheckier kept following the defendant around, asking where the drugs were. The defendant told Sheckier to leave him alone; he did not know anyone who "[did] that stuff." Sheckier responded repeatedly, "Now I need some." Only after Sheckier kept asking him for drugs did the defendant agree to go with Sheckier to Charlie's Bar. Although the defendant continued to resist becoming involved in the sale, he finally did so "to get him off [his] back." The April 6 purchase was also precipitated

---

by Sheckier's request for drugs. Although the defendant accompanied Sheckier to Charlie's Bar again on April 6, he told Sheckier he could buy the drugs himself. Sheckier asked the defendant from whom he might purchase the drugs, and the defendant said he did not know. In the end, the defendant participated in Sheckier's drug purchase, but, according to his testimony, only to prevent Sheckier from being beaten up.

We do not consider whether the evidence offered by the defendant was credible. On its face, it was sufficient to meet the minimal requirements for an entrapment instruction. "The defense of entrapment is appropriately raised . . . by the introduction of some evidence of inducement by a government agent. . . . Mere evidence of solicitation is not enough to show inducement, but little more than solicitation is required to raise the issue. '[A]ny evidence . . . that the government agents went beyond a simple request and pleaded or argued with the defendant, should be enough.' " *Commonwealth* v. *Miller*, 361 Mass. at 651-652, quoting from *Kadis* v. *United States*, 373 F.2d 370, 374 (1st Cir. 1967).

The defendant also raises a serious issue with respect to the jury instructions on reasonable doubt. After properly quoting from *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850), the judge discussed how he decides criminal cases when sitting without a jury. The defendant contends that the judge's reference to weighing the evidence and being satisfied in his own conscience as to a defendant's guilt tended to lower the required standard of proof. Because of our ruling on the entrapment issue, we need not decide whether the unnecessary and questionable departure from the language customarily used in defining reasonable doubt by itself constituted reversible error.

*Judgment reversed.*

*Verdict set aside.*

*M. Page Kelley* for the defendant.

*Elizabeth M. Maunsell*, Assistant District Attorney, for the Commonwealth.