After a jury-waived trial, the defendant was convicted of leaving the scene of an accident causing personal injury resulting in death, G. L. c. 90, § 24 (2) (a½) (2), and was sentenced to six to nine years in State prison. In this consolidated appeal, he challenges (1) the denial of his motion to suppress; (2) the admission in evidence of certain opinion testimony; (3) the basis for the sentence; and (4) the denial of his motion for a new trial claiming ineffective assistance of counsel. We affirm.
Background. In 2007, two pedestrians were struck by a vehicle on a highway in Saugus and died of their injuries. Police arrived and discovered that the perpetrator had fled. Witnesses identified the vehicle as a sport utility vehicle or truck. Police found a GMC emblem and other vehicle parts in the debris field at the scene. They discovered that the parts belonged to a particular model of GMC pickup truck and alerted the media. A Boston police officer connected the description of the truck to one he knew the defendant operated, and notified the investigating officers. Police discovered that the truck was registered to the defendant's father and located it at a repair shop. After further investigation, they found one victim's DNA on several parts of the outside of the truck. A grand jury indicted the defendant in 2012.
1. Denial of motion to suppress. The defendant challenges the denial of his motion to suppress the fruits of an alleged warrantless search of one of his cellular telephones (cell phones). The issue arose because, one week after the collision, police seized two of the defendant's cell phones. An attorney who was present saw an officer manipulating one of the phones; when asked, the officer stated that he did not need a warrant to do so. The police later issued an administrative subpoena for records related to one of the cell phones and then obtained a search warrant for both. The defendant moved to suppress what he claimed was the initial, warrantless search.
After an evidentiary hearing, the motion judge found that the defendant had failed to demonstrate that a search of the phone occurred. See Commonwealth v. D'Onofrio, 396 Mass. 711, 714-715 (1986) (on motion to suppress, defendant has threshold burden of proving that warrantless search occurred). The defendant challenges this finding, claiming that the attorney testified to having seen the police search the phone's history. This argument is meritless; the attorney stated no such thing. He testified that although he saw the officer "manipulating the buttons," he (the attorney) "didn't see the screen." There was no evidence that the officer searched the phone's history. The motion judge's finding was not clearly erroneous.
The motion judge ruled in the alternative that, even if a warrantless search had occurred, suppression was not required, because the police had independent sources (including the later administrative subpoena and search warrant) for whatever information the warrantless search might have yielded. See Commonwealth v. Tyree, 455 Mass. 676, 692 (2010) (discussing independent source doctrine). The defendant challenges this ruling, noting that within one day after the alleged warrantless search, police contacted a married couple that he knew, and that a police report describing a meeting with the couple included the wife's cell phone number. The defendant's argument is unclear, but it appears to be that police could only have found their way to the couple, and thereby obtained information from the husband, by first obtaining the wife's cell phone number through a warrantless search.
The flaw in this argument is that there is no evidence of how police obtained the wife's cell phone number, or of how or why they contacted the couple. The defendant apparently did not raise the issue below, and the motion judge made no findings on it. The wife's cell phone number, included in the police report of the meeting, could just as easily have been obtained from her at that meeting as from a prior search of the defendant's cell phone.[2] It suffices to say that the defendant has not shown, as is his burden, that police obtained the wife's number, or the information from the husband, by means of any warrantless search of the defendant's cell phone. See D'Onofrio, 396 Mass. at 714-715.
2. Opinion testimony. The defendant contends that two officers improperly testified to their opinions about the defendant's role in causing the victims' deaths and the role of other vehicles. Because there was no objection (indeed, some of the testimony was elicited by defense counsel), we review for whether any error resulted in a substantial risk of a miscarriage of justice. Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967). We presume that a judge applies correct legal principles when serving as the trier of fact. Commonwealth v. Colon, 33 Mass. App. Ct. 304, 308 (1992). Here, moreover, the trial judge told defense counsel at the time that his questions and the officers' responses (giving their opinions) were merely unhelpful argument. And in denying the new trial motion, the judge stated that he "well understood the arguments of both sides, and gave no weight to the witness'[s] belief as to the identity of the operator of the truck." See Commonwealth v. DeVincent, 421 Mass. 64, 69 (1995) (judge who was fact finder is "entitled to use his knowledge and evaluation of the evidence at trial" in ruling on new trial motion). Accordingly, any error in permitting the testimony did not create a substantial risk of a miscarriage of justice.
3. Sentencing. The defendant next asserts that the judge, in sentencing him to six to nine years' imprisonment, improperly took into account that there were multiple victims. The defendant was charged only under G. L. c. 90, § 24 (2) (a½) (2), and "the proper 'unit of prosecution' under the statute is the act of leaving the scene of the accident, not the number of accident victims." Commonwealth v. Constantino, 443 Mass. 521, 524 (2005).
The judge made clear at sentencing, however, that "I'm not trying to sentence [the defendant] for the death of [the victims]. That's not what he is charged with. That's not what he is convicted of." Instead, the judge explained that, because the defendant not only left the scene but thereafter "attempt[ed] to continue to avoid prosecution and evade apprehension," his conduct warranted "a sentence in the upper part of the continuum between two-and-a-half and ten years." The defendant has shown no error.
4. Denial of motion for a new trial. In challenging the denial of his motion for a new trial, the defendant (1) repeats the argument in his motion that trial counsel was ineffective, and (2) points to several claimed factual errors in the judge's memorandum of decision. On appeal of a ruling on a motion for a new trial, we review for "a significant error of law or other abuse of discretion," and we "extend[ ] special deference to the action of a motion judge who was also the trial judge," as was the case here. Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Also, in ruling on the motion, the judge here was entitled to rely on his evaluation of the evidence at trial. DeVincent, 421 Mass. at 69.
The defendant argues that trial counsel improperly focused on a single, narrow strategy; failed to impeach several witnesses; and failed to call eyewitnesses, an investigator, and an accident reconstruction expert. Yet the defendant identifies no error whatsoever in the judge's careful and thorough analysis and rejection of this ineffective assistance claim. In denying the motion, the judge concluded that the different strategies, impeachment, and experts witnesses envisioned by the defendant's motion would not have made a difference in the judge's guilty finding. The defendant has not even attempted to show any abuse of discretion in this ruling.
Finally, the defendant argues that the judge's ruling on the new trial motion contained factual misstatements. After carefully reviewing the record, we conclude that the defendant has identified only a single, minor misstatement, which was unrelated to grounds for the new trial motion and had no apparent bearing on the judge's denial of that motion.[3]
Judgment affirmed.
Order denying motion for new trial affirmed.

The report of the interview also included the wife's and husband's Social Security numbers and dates of birth -- information more likely to have been obtained during a meeting with them than from the defendant's cell phone.

The defendant complains of the judge's statements that the defendant owned the truck, that it had struck and killed one of the victims, and that it was seen pulling into a parking lot after the accident. We agree that the record shows that the truck was registered to the defendant's father. However, the record supports the judge's other statements.