NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-687

COMMONWEALTH

vs.

MIGUEL C. FLETCHER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial, the defendant was convicted of negligent operation of a motor vehicle.[1]  After filing a notice of appeal, the defendant moved for expert funds, for reconsideration of the denial of that motion, and, accompanied by a renewed motion for expert funds, for a new trial.  He filed a second notice of appeal from the denials of those motions, and his appeal from those orders was consolidated with his direct appeal.  In the consolidated appeals, the defendant argues that the evidence was insufficient to support his conviction, that the prosecutor asserted facts not in evidence in her closing argument, that he received ineffective assistance of counsel,

_____

[1] The defendant was also found responsible for a civil infraction of speeding at a rate exceeding the posted limit.  He was acquitted of operating under the influence.

and that he is entitled to expert funds and a new trial.  We affirm.

Background.  We summarize the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  In November 2017 Bridgewater Police Officer Christopher Paze was working a paid detail at a restaurant when he saw a car in the parking lot that had "just been struck."  Parked adjacent to the damaged car was an eighteen-wheeler bobtail tractor without the trailer attached, "tilting back and forth."  Paze approached the tractor and asked the driver, later identified as the defendant, to get out.  The defendant did not respond and instead "took off at a high rate of speed."  Paze then radioed in the tractor's registration plate information and direction of travel.

In response to the call, Bridgewater Police Sergeant Carl MacDermott[2] drove to nearby Central Square to intercept the defendant.  Central Square is a thickly settled business district with crosswalks, a traffic light, angular parking, and a rotary with a speed limit of thirty miles per hour.  As MacDermott approached the area with his blue lights on, he saw the defendant entering "the rotary at a high rate of speed." The defendant navigated the rotary successfully before turning

---

[2] MacDermott was a lieutenant by the time of trial.  We refer to him by his rank at the time of the offense.

2

onto a street with a speed limit of thirty-five miles per hour. After MacDermott made the same turn, the defendant's "vehicle . . . shot off." MacDermott had to drive between sixty and sixty-five miles per hour for seven-tenths of a mile to catch up with the defendant.

MacDermott activated his siren, and the tractor pulled over without incident. Because the height of the tractor put approximately ten feet between the defendant and MacDermott, making it difficult for them to communicate, MacDermott asked the defendant to get out. Once the defendant did so, MacDermott noticed that he seemed "very agitated" and spoke with "thick-tongued, slurred speech." Without being asked, the defendant stated that he had consumed three beers and a mixed drink.

Bridgewater Police Officer Ryan O'Connell arrived at the scene to assist. He observed that the defendant had red bloodshot eyes and slurred speech and smelled moderately of alcohol. O'Connell administered various field sobriety tests, which the defendant did not successfully complete. The defendant could neither recite the alphabet nor count backwards in the manner requested. While receiving instructions for the nine-step walk-and-turn test, the defendant was unable to maintain his balance, and he never properly completed the walk. He also did not properly perform the one-leg stand test.

3

Believing that the defendant was intoxicated, the officers arrested him.

Discussion. 1. Sufficiency of the evidence. We review the evidence in the light most favorable to the Commonwealth to determine "whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotation and citation omitted). Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019). Inferences supporting a conviction "need only be reasonable and possible" and "need not be necessary or inescapable" (quotation and citation omitted). Id.

Negligent operation requires proof that the defendant "(1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). The defendant challenges only the third element, arguing that the Commonwealth failed to prove that he operated his vehicle in a negligent manner. We disagree.

To satisfy the third element, the Commonwealth must present proof that the defendant's conduct "might have endangered the safety of the public, not that it in fact did." Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007). Here, the evidence showed that the defendant drove a bobtail tractor through a thickly settled business district at a high rate of speed. The

4

evidence also permitted the inference that the defendant had been drinking before doing so; he failed to successfully perform any of the field sobriety tests, displayed several physical signs that he had recently been drinking, and admitted that he had consumed multiple beers and a mixed drink earlier that night.  See Ross, 92 Mass. App. Ct. at 380 ("The fact that the jury ultimately did not convict the defendant of OUI does not preclude their consideration of the evidence of intoxication in considering the negligent operation charge").  Considering the defendant's speeding and that he had been drinking, coupled with the size of the tractor and the thickly settled nature of the area, the judge had an adequate basis to find the defendant guilty of negligent operation.  See id. at 380-381 (affirming conviction of negligent operation based on evidence of intoxication and excessive speeding at night on residential road); Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921-923 (2004) (affirming conviction of negligent operation based on evidence of excessive speeding through thickly settled neighborhood on holiday afternoon).

We are unpersuaded by the defendant's argument that the absence of a measurement or numerical estimate of his speed necessitates vacating his conviction.  Officers observed the defendant's tractor moving at a high rate of speed on three separate occasions, including in areas where the speed limit was

5

no higher than thirty-five miles per hour.  Sergeant MacDermott also testified that he had to drive between sixty and sixty-five miles per hour for seven-tenths of a mile to catch up with the defendant.  It was a "reasonable and possible" inference from this evidence that the defendant was driving in excess of the speed limit.[3]  Quinones, 95 Mass. App. Ct. at 162.

2.  Closing argument.  The defendant asserts that the prosecutor improperly stated facts not in evidence when she argued that the defendant was "traveling essentially over 60 miles per hour with an officer pursuing him in what appears to be at least a 30-mile-per-hour zone."  As the defendant did not object at trial, we review to determine whether any error created a substantial risk of a miscarriage of justice.  See Commonwealth v. Cuffee, 492 Mass. 25, 32 (2023).

We discern no error.  The prosecutor's statement that the defendant was "traveling essentially over 60 miles per hour" was

---

[3] Arguing otherwise, the defendant characterizes Sergeant MacDermott's testimony as establishing that his seven-tenths of a mile pursuit of the defendant included a stretch where he stopped for a red light.  But viewed most favorably to the Commonwealth, MacDermott's testimony was that he stopped at the red light before pursuing the defendant for seven-tenths of a mile.  In any event, even accepting the defendant's characterization of MacDermott's testimony, the judge still could have inferred that the defendant was speeding based on the evidence that the defendant was driving at a high rate of speed and "shot off" after exiting the rotary and that MacDermott had to travel up to sixty-five miles per hour, in a thirty-five mile per hour zone, to catch up with the defendant.

a fair inference from Sergeant MacDermott's testimony that he was driving between sixty and sixty-five miles per hour while pursuing the defendant.  See Cuffee, 492 Mass. at 32 ("A prosecutor is entitled to marshal the facts in evidence, and any fair inferences drawn from those facts").  Likewise, the prosecutor's comment that the speeding occurred in "at least a 30-mile-per-hour zone" was a fair inference from MacDermott's testimony that the speed limit was between thirty and thirty-five miles per hour in the areas that the defendant was driving.

We also discern no substantial risk of a miscarriage of justice.  Closing argument is "not evidence."  Commonwealth v. Kozec, 399 Mass. 514, 517 (1987).  And we presume that the judge based his finding on his own memory of the evidence rather than the prosecutor's summation of it.  See Commonwealth v. Colon, 33 Mass. App. Ct. 304, 308 (1992) ("it is presumed that the judge as trier of fact applies correct legal principles").

3.  Ineffective assistance of counsel.  The defendant next asserts that trial counsel was ineffective because he conceded during closing argument that "[a]ll you have, in terms of operation, is really speeding . . . [with] no indicia of anything other than speeding."  This claim, raised on direct appeal, is at its "weakest form" because it "is bereft of any explanation by trial counsel for his actions" (citation omitted).  Commonwealth v. Diaz, 448 Mass. 286, 289 (2007).  A

7

court may only resolve an ineffective assistance claim on direct appeal in exceptional circumstances where the basis for the claim "appears indisputably on the trial record." Id., quoting Commonwealth v. Zinser, 446 Mass. 807, 811 (2006).

That is not the case here. Trial counsel made an "obviously strategic decision" to concede that the defendant was speeding in light of the testimony of two officers that they observed the defendant traveling at a high rate of speed, and to argue instead that speeding alone did not rise to the level of negligent operation. Commonwealth v. Davis, 481 Mass. 210, 223 (2019). There is nothing in the trial record to suggest that this strategy was manifestly unreasonable. See Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006).

4. Postconviction motions. After trial the defendant moved for funds to retain an accident reconstructionist, seeking to develop his theory that trial counsel was ineffective for failing to retain an expert on the issue of whether the defendant was speeding. In support of the motion, the defendant filed an affidavit from appellate counsel, which stated that "[b]ased on his preliminary review . . ., the [proposed expert] believes that it may have been physically impossible for the 18-wheel bobtail tractor the defendant was driving to navigate the roundabout without swerving or leaving its marked lane at 60 or 50 miles per hour," but the expert needed to do further testing

8

"before he [could] reach an opinion on the matter."  The motion judge, who was not the trial judge, initially denied the motion as "premature as [a] motion for new trial has not been litigated."  After the defendant moved to reconsider, the motion judge denied relief on the ground that there was "no affidavit from the proposed expert supporting the assertions of defense counsel."

The defendant then filed a "preliminary" motion for a new trial, together with a renewed motion for funds, asking that no action be taken on his claim of ineffective assistance of counsel until he was able to retain and consult with the proposed expert.  In support of these motions, the defendant filed two affidavits from appellate counsel, which again stated that the expert believed that "it may not have been physically possible" for the defendant to have navigated the rotary while driving at fifty or sixty miles per hour, but he needed to do more tests to reach a definitive conclusion.  The trial judge summarily denied the motion for a new trial.[4]

It is within a judge's discretion to grant funds associated with the preparation of a new trial motion.  See Commonwealth v. Evans, 439 Mass. 184, 204 (2003).  To be entitled to such funds, a defendant "must make a sufficient showing that the discovery

_____

[4] No separate action was taken on the renewed motion for funds, but, as the defendant acknowledges, it was implicitly denied.

9

is reasonably likely to uncover evidence that might warrant granting a new trial." Commonwealth v. Daniels, 445 Mass. 392, 407 (2005). See Evans, supra at 204-205. The defendant's request must be accompanied by "specific, not speculative or conclusory, allegations that the newly discovered evidence would have materially aided the defense" (quotation and citation omitted). Daniels, supra.

We discern no abuse of discretion in the denials of the defendant's motions here, given their speculative nature. The affidavits submitted with the motions established only the expert's "belie[f]" that it "may have been" impossible for the defendant to have been speeding to the degree described in the trial testimony. This was insufficient to demonstrate with the requisite specificity that further testing would have produced results that would warrant a new trial. See Commonwealth v.

10

Morgan, 453 Mass. 54, 62-63 (2009); Commonwealth v. Gardner, 102 Mass. App. Ct. 299, 307 (2023).

Judgment affirmed.

Orders denying motion for expert funds and for reconsideration affirmed.

Order denying motion for a new trial and renewed motion for expert funds affirmed.

By the Court (Shin, Brennan & Hodgens, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: December 6, 2023.

---

[5] The panelists are listed in order of seniority.

11