COMMONWEALTH *vs.* MANUEL MONTEAGUDO. No. 96-P-356. September 29, 1997. *Entrapment. Practice, Criminal,* Instructions to jury. *Due Process of Law,* Fair trial. Further appellate review granted, 426 Mass. 1105 (1997).

The defendant appeals from three convictions of trafficking in cocaine based on three sales on different dates to an undercover State trooper, and from one conviction of trafficking within 1,000 feet of a school. The defendant acknowledges the sales but claims entrapment.

1. The motion for required findings was based on a contention that the State trooper had approached the defendant when he was a senior in high school, innocent of drug selling, and set him up in the business of selling drugs by giving him money to purchase a beeper, instructing him to find a supplier so as to be able to sell cocaine to the trooper, threatening harm to the defendant's family if he refused and "something happened to" the State trooper or any of his "group," and warning that the defendant could not refuse because he already knew too much. Because the Commonwealth has the burden of proving that the defendant was predisposed to sell drugs before his encounter with the trooper, see *Commonwealth* v. *Penta,* 32 Mass. App. Ct. 36, 47 (1992), and because the Commonwealth did not recall the trooper to the stand to

---

refute the defendant's testimony, the defendant argues that he was entitled to required findings of not guilty. On cross-examination, however, the trooper had denied that he gave the defendant money to purchase the beeper; and the trooper's testimony regarding his first telephone call to the defendant requesting cocaine, in which the defendant indicated that he had other customers and access to significant amounts of cocaine — a conversation only two weeks after the first meeting with the trooper — was evidence from which the jury could properly draw an inference that the trooper had not induced the defendant's drug-trafficking activity and that the defendant's story was untrue. Contrary to the defendant's argument, predisposition can be established by evidence of the defendant's conduct as related to the current indictments alone. *Commonwealth* v. *Miller*, 361 Mass. 644, 652 (1972).

2. The judge did not err in refusing to instruct the jury on the defendant's contention that the conduct of the trooper was so offensive to fair play that due process precluded his prosecution. The status of that defense in this Commonwealth is unclear, see *Commonwealth* v. *Shuman*, 391 Mass. 345, 353-355 (1984), but, Federal appellate authorities are in agreement that the question is one for the judge, not the jury, to decide. *United States* v. *Quinn*, 543 F.2d 640, 648 (8th Cir. 1976). *United States* v. *Szycher*, 585 F.2d 443, 445 (10th Cir. 1978). *United States* v. *Nunez-Rios*, 622 F.2d 1093, 1098 (2d Cir. 1980). *United States* v. *Nixon*, 777 F.2d 958, 963-964 (5th Cir. 1985). *United States* v. *Bradley*, 820 F.2d 3, 7 n.5 (1st Cir. 1987). *United States* v. *Bontkowski*, 865 F.2d 129, 131 (7th Cir. 1989). *United States* v. *Dudden*, 65 F.3d 1461, 1466-1467 (9th Cir. 1995).

3. The judge did not err in responding to the jury's confused question concerning entrapment by reading again the instruction previously given. No suggestion was made that the charge itself was deficient.

*Judgments affirmed.*

*Richard J. Fallon* for the defendant.

*Sharon J. Fray-Witzer*, Assistant District Attorney, for the Commonwealth.