Commonwealth *v.* Monteagudo.

COMMONWEALTH *vs.* MANUEL MONTEAGUDO.

Suffolk. April 6, 1998. - May 19, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Instructions to jury, Dismissal. *Constitutional Law,* Conduct of government agents. *Entrapment.*

Discussion of Federal cases considering egregious government conduct alleged to violate due process and to thus bar prosecution as fundamentally unfair. [485-486]

This court concluded that, in a criminal case, the issue of egregious government conduct is a question of constitutional (due process) law and therefore is not an issue for a jury. [486-487]

In a criminal case, the judge correctly refused to instruct the jury on the issue of egregious government conduct [485, 486-487]; further, where the evidence presented at trial failed to demonstrate egregious government conduct sufficient to warrant the judge's dismissal of the case, there was no substantial risk of a miscarriage of justice in his limiting the jury's consideration solely to the defendant's entrapment claim [487].

At the trial of indictments for trafficking in cocaine, the defendant was not entitled to a required finding of not guilty on a theory of entrapment, where the evidence was sufficient for the jury to conclude beyond a reasonable doubt that the defendant was predisposed to commit the crimes at the time of the alleged inducement. [487-488]

At a criminal trial, the judge's correct instructions concerning entrapment, given in response to jury questions, did not create a substantial risk of a miscarriage of justice. [488-489]

INDICTMENTS found and returned in the Superior Court Department on August 4, 1993, October 22, 1993, and October 26, 1993, respectively.

The cases were tried before *Thomas E. Connolly,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard J. Fallon* for the defendant.

*Eric Neyman,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. We granted the defendant's application for further appellate review to consider whether the issue of egregious

government conduct[1] is for the judge or the jury. The Appeals Court concluded that the issue was for the judge. See *Commonwealth* v. *Monteagudo*, 43 Mass. App. Ct. 921 (1997). We agree with the Appeals Court in its reasoning and result. We affirm the defendant's convictions of trafficking in cocaine and trafficking within 1,000 feet of a school.

1. The defendant acknowledged that he sold cocaine to an undercover State trooper on three occasions. He testified, however, that the trooper had approached him and set him up in the business of selling cocaine. According to the defendant's testimony, the trooper gave him money to buy a pager, instructed him to find a cocaine supplier, and threatened that the defendant's "family was going to pay for it" if he did not cooperate. Based on this testimony, the defendant asked the judge to instruct the jury to acquit the defendant if they found the trooper's conduct fundamentally unfair.[2] The judge did not give the requested instruction. When the defendant objected, the judge responded that he did not believe such an instruction was appropriate on these facts. The defendant argues that the refusal to give this instruction was error. We do not agree.

The principle that egregious government misconduct may violate due process and bar prosecution is well-established in Federal law. See *United States* v. *Russell*, 411 U.S. 423, 431-432 (1973). See also *United States* v. *Mosley*, 965 F.2d 906, 909 (10th Cir. 1992), and cases cited. We also have recognized that dismissal of an indictment may be necessary when the government's conduct is so egregious as to prejudice the defendant's right to a fair trial. See *Commonwealth* v. *Manning*,

---

[1]Egregious government conduct is similar to entrapment. The challenge under egregious conduct is a constitutional due process challenge and is "reserved for . . . only the most intolerable government conduct." *United States* v. *Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991), citing *United States* v. *Bogart*, 783 F.2d 1428, 1435 (9th Cir.), vacated on other grounds sub nom. *United States* v. *Wingender*, 790 F.2d 802 (9th Cir. 1986). "The essence of due process entrapment inheres in the egregious or blatant wrongfulness of the government's conduct." *State* v. *Johnson*, 127 N.J. 458, 470 (1992).

[2]The defendant requested the following instruction: "8. If you find that the police conduct in this case was so fundamentally unfair as to be offensive to our basic standards of decency, justice and fairness, then you must acquit the defendant. If the government's actions reached this level of impropriety, you need not consider whether or not the Defendant was predisposed to commit the crime, since society cannot condone behavior on the part of government agents which is contrary to our fundamental standards of fairness."

373 Mass. 438, 443 (1977). However, we have never decided whether the judge or the jury should make this determination.

In cases alleging egregious government conduct, "the focus . . . is not on the propensities and predisposition of a specific defendant, but on 'whether the police conduct revealed in the particular case falls below standards, to which common feelings respond, for the proper use of governmental power.' . . . Under this approach, the determination of the lawfulness of the [g]overnment's conduct must be made — as it is on all questions involving the legality of law enforcement methods — by the trial judge, not the jury." *United States* v. *Russell, supra* at 441 (Stewart, J., dissenting), quoting *Sherman* v. *United States,* 356 U.S. 369, 382 (1958). "[T]he jury is not equipped and should not be permitted to speculate on whether particular facts do or do not amount to fundamental fairness." *United States* v. *Johnson,* 565 F.2d 179, 182 (1st Cir. 1977), cert. denied, 434 U.S. 1075 (1978). See *Hampton* v. *United States,* 425 U.S. 484, 497 (1976); *United States* v. *Dudden,* 65 F.3d 1461, 1466 (9th Cir. 1995); *United States* v. *Mosley, supra* at 909 n.3; *United States* v. *Payne,* 962 F.2d 1228, 1232 (6th Cir.), cert. denied, 506 U.S. 1033, and cert. denied sub nom. *King* v. *United States,* 506 U.S. 909 (1992); *United States* v. *Bontkowski,* 865 F.2d 129, 131 (7th Cir. 1989); *United States* v. *Bradley,* 820 F.2d 3, 7 n.5 (1st Cir. 1987); *United States* v. *Nixon,* 777 F.2d 958, 963 (5th Cir. 1985); *United States* v. *Nunez-Rios,* 622 F.2d 1093, 1098 (2d Cir. 1980); *United States* v. *Quinn,* 543 F.2d 640, 648 (8th Cir. 1976).

"[W]e have never ordered the dismissal of an indictment for misconduct in the absence of prejudice." *Commonwealth* v. *Drumgold,* 423 Mass. 230, 246 (1996), quoting *Commonwealth* v. *Phillips,* 413 Mass. 50, 59 (1992). "The only reason to dismiss criminal charges because of nonprejudicial but egregious police misconduct would be to create a climate adverse to repetition of that misconduct that would not otherwise exist." *Commonwealth* v. *Drumgold, supra,* quoting *Commonwealth* v. *Lewin,* 405 Mass. 566, 587 (1989). Because the issue of outrageous government conduct is a question of constitutional (due process) law, it is not a jury issue.[3] The judge's refusal to

---

[3]The defendant argues that, because the alleged conduct in this case may have been entrapment and entrapment is a jury question, the issue of egregious government misconduct should also be a jury question. We do not agree. Entrapment focuses on the defendant's predisposition to commit a crime. See

instruct the jury on egregious government conduct was correct.[4]

The defendant did not ask the judge to rule on his claim of egregious government conduct as a matter of constitutional law. His claim was solely that the issue was for the jury. "[W]e shall not disregard the theory of law on which the parties proceeded at trial." *Commonwealth* v. *Thompson,* 382 Mass. 379, 382 (1981), citing *Baker* v. *Commercial Union Ins. Co.,* 382 Mass. 347, 349 n.5 (1981). See *Kagan* v. *Levenson,* 334 Mass. 100, 107 (1956). Nevertheless, we review the issue to determine whether there is a substantial risk of a miscarriage of justice. We conclude that the alleged threat does not meet the standards for dismissal. See, e.g., *Commonwealth* v. *Shuman,* 391 Mass. 345, 355 (1984) (requiring "coercion, violence or brutality" or "persistent exploitation of personal weakness"); *United States* v. *Mosley, supra* at 910 ("the challenged conduct must be shocking, outrageous, and clearly intolerable"; egregious government conduct defense is not "intended merely as a device to circumvent the predisposition test in the entrapment defense"); *United States* v. *Johnson, supra* at 182 (alleged "demands persisting over a period of months" and "pressure that became occasionally angered and even threatening," even if true, was not outrageous conduct).[5] There was no error, and no substantial risk of a miscarriage of justice in limiting the jurors' consideration to the defendant's entrapment claim.

2. The defendant's testimony, noted above, also raised the issue of entrapment by showing, if believed, that the trooper induced him to commit the crimes. It then became the Commonwealth's burden to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. See *Commonwealth* v. *Miller,* 361 Mass. 644, 652 (1972). The defendant

*Commonwealth* v. *Garcia,* 421 Mass. 686, 691 (1996). By contrast, the inquiry here focuses primarily on the government's conduct.

[4]We recognize that occasionally egregious government misconduct may not come to light until the trial. In such a situation, a motion for a required finding of not guilty would be appropriate.

[5]We have suggested that the issue of egregious government misconduct should be raised at trial. See *Commonwealth* v. *Shuman,* 391 Mass. 345, 353 (1984). The Federal courts have used factors such as "(1) the extent of the defendant's participation in the crime; (2) whether the defendant's criminal activity predated the government's involvement; (3) the extent and type of government involvement in the crime; and (4) the nature of the crime." See Note, Reconfiguring the Entrapment and Outrageous Government Conduct Doctrines, 84 Geo. L.J. 1945, 1967-1968 (1996).

argues that he was entitled to a required finding of not guilty because the Commonwealth produced no evidence directly showing that he was predisposed to commit the crime on the day of the alleged inducement. We disagree.

The evidence showed that at the first sale, which took place only two weeks after the alleged inducement, the defendant had a supplier, additional customers, and access to large quantities of cocaine. He sold the cocaine readily and without reluctance. Furthermore, cocaine and drug paraphernalia, as well as other assorted possessions of the defendant, were found at a Chelsea address to which a utility bill had been sent in the defendant's name. Although the defendant claimed that he was merely storing some possessions at the apartment and that the utility bill in his name was to establish a Chelsea residence for school purposes, the jurors were entitled to disbelieve his explanation of the evidence. The evidence was sufficient for them to conclude beyond a reasonable doubt that the defendant was predisposed to commit the crimes at the time of the alleged inducement. See *Commonwealth* v. *Miller, supra* ("[t]he jury may . . . properly consider the conduct of the defendant as related to the indictments at issue before the jury, and predisposition may warrantably be found upon this kind of evidence alone, if the evidence is of sufficient significance"). See also *Commonwealth* v. *James*, 424 Mass. 770, 784-785 (1997) (on motion for required finding of not guilty, court views evidence in the light most favorable to Commonwealth).

3. During deliberations, the jury asked the following question, in relevant part: "Must the Commonwealth prove that there was no entrapment? Or must the jury decide this on the basis of the evidence given by the witnesses?" The judge responded by repeating the entire entrapment instruction. When some jurors still expressed confusion over part of the instruction, the judge repeated the entire instruction again. The defendant did not object at trial, but now argues that the judge responded inappropriately to the jury question because he did not specifically address their confusion. We disagree. "The proper response to a jury question must remain within the discretion of the trial judge, who has observed the evidence and the jury firsthand and can tailor supplemental instructions accordingly." *Commonwealth* v. *Waite*, 422 Mass. 792, 807 n.11 (1996). The judge's discretion to formulate a response is broad. *Id.* The instruction correctly set out the law of entrapment, and

the fact that the jurors asked no further questions suggests that their confusion was dispelled. There was no substantial risk of a miscarriage of justice.

*Judgments affirmed.*