## Commonwealth *vs.* Brian Liotti.

No. 98-P-1473.

Middlesex. September 14, 1999. - July 12, 2000.

Present: Kass, Smith, & Spina, JJ.[1]

*Fraudulent Use of Credit Card. Practice, Criminal,* Required finding.

Evidence at the trial of a complaint alleging fraudulent use of a credit card under G. L. c. 266, § 37C(*d*), was insufficient to allow any trier of fact to find the defendant guilty beyond a reasonable doubt, where the Commonwealth did not establish that the defendant's use of another's credit card was unauthorized or that the defendant had stolen the credit card. [642-644]

Complaint received and sworn to in the Cambridge Division of the District Court Department on November 14, 1994.

The case was heard by *Severlin B. Singleton, III,* J.

*Gregory M. Doyle* for the defendant.

*John O. Mitchell,* Assistant District Attorney, for the Commonwealth.

Smith, J. On January 19, 1995, after a jury-waived trial in the District Court, the defendant was found guilty of fraudulent use of a credit card in violation of G. L. c. 266, § 37C. On appeal, the defendant raises only one issue, the denial of his motion for a required finding of not guilty.

*Facts.* We view the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979). On November 10, 1994, the defendant, Brian Liotti, was shopping at a Sears and Roebuck store in Cambridge. He selected a video cassette recorder and told the sales associate, William Spinn, that he wanted to purchase it. Spinn and the

---

[1]This case was argued before Justices Kass, Smith, and Spina. Following the appointment of Justice Spina as an Associate Justice of the Supreme Judicial Court, Justice Gelinas was added to the panel and participated in this decision.

defendant went to the cash register where Spinn rang up the sale.

The defendant handed Spinn a Sears credit card to pay for the merchandise. The card was in the name of Matthew Donlet. Spinn then asked the defendant for his home telephone number for marketing purposes. The defendant provided Spinn with a telephone number which brought up the name of the cardholder — Matthew Donlet.

Spinn asked the defendant if the name and address that appeared on the computer screen were his, and the defendant responded affirmatively. Spinn then asked the defendant if he had any identification, and the defendant told him he did not.

At that point, Spinn phoned Sears's loss prevention department (which was apparently the customary procedure in these circumstances), and told them that the defendant had presented a Sears credit card and did not have any photo identification with him. Spinn was instructed to contact the credit department; an associate from that department asked to speak with the defendant. The defendant was asked to give the cardholder's mother's maiden name. After attempting to do so, the defendant finally stated that he did not know the name. Spinn then compared the signature on the credit card with the defendant's signature on the sales receipt and concluded, in his opinion, that they were not the same. A representative from the loss prevention department came to Spinn's station and the defendant left with him.

During the entire transaction, the defendant represented himself to be the person named on the credit card, Matthew Donlet. Donlet was not called as a witness.

In his defense, the defendant testified that Donlet gave him permission to use his credit card.[2]

The statute (G. L. c. 266, § 37C) under which the defendant was charged contains ten clauses (*a* through *j*) which list the various ways by which fraud may be committed by persons using a credit card. It was the Commonwealth's theory at trial that

---

[2]A cardholder may consent to another person using his or her credit card. See G. L. c. 266, § 37C(*e*), which states that it is a violation of the statute for a person with intent to defraud to "obtain[] money, goods or services or anything else of value by representing *without the consent of the cardholder* that he is said cardholder . . ." (emphasis added).

the defendant violated clause (*d*) of § 37C.[3] That portion of the statute reads as follows:

> "Whoever, with intent to defraud . . . (d) obtains money, goods, services or anything else of value by use of a credit card obtained or retained in violation of clauses (b) to (e), inclusive, of section thirty-seven B . . . . shall be punished. . . ."

The relevant clauses (*b*) to (*e*) of § 37B read as follows:

> "Whoever, with intent to defraud, . . . (b) takes a credit card from the person, possession, custody or control of another without the cardholder's consent by any conduct which would constitute larceny, or who, with knowledge that it has been so taken, receives the credit card with intent to use it or to sell it, or to transfer it to a person other then the issuer or the cardholder, or (c) receives a credit card that he knows to have been lost, mislaid, or delivered under a mistake as to the identity or address of the cardholder, and who retains possession with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder, or (d) being a person other than the issuer or his authorized agent, sells a credit card, or buys a credit card from a person other then the issuer or his authorized agent, . . . shall be punished."

It appears from the record that the Commonwealth, at trial, relied on the first part of clause (*b*), i.e., that the defendant obtained Donlet's credit card by stealing it.

Based on the theory by which this case was tried, the Commonwealth's proof failed in two respects. First, the Commonwealth failed to produce any evidence that established that the defendant's use of Donlet's card was unauthorized. Second, the Commonwealth did not produce any evidence that the

[3]On appeal, however, the Commonwealth has shifted its position and now argues that the defendant violated (*b*) of G. L. c. 266, § 37C. "In reviewing the defendant's conviction, we will 'not disregard the theory of law in which the parties proceeded at trial.' " *Commonwealth* v. *Silva*, 431 Mass. 401, 405 (2000), quoting from *Commonwealth* v. *Monteagudo*, 427 Mass. 484 (1998), quoting from *Commonwealth* v. *Thompson*, 382 Mass. 379, 382 (1981). Therefore we reject the Commonwealth's theory that it now advances and rather consider the theory under which the case was tried.

defendant stole the credit card from Donlet. Despite the Commonwealth's claims to the contrary, we do not think that evidence that the defendant identified himself as the cardholder to Spinn supports an inference that the defendant obtained the credit card without the cardholder's consent. The Commonwealth, in the circumstances, needed testimony from Donlet that the defendant had taken the card and used it without Donlet's consent.

In short, the evidence was insufficient to allow any trier of fact to find the defendant guilty beyond a reasonable doubt of fraudulent use of a credit card. The defendant's conviction is vacated, the finding is set aside and the matter is remanded to the District Court for a required finding of not guilty.

*So ordered.*